**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 29, 2009

Charles R. Fulbruge III
Clerk

No. 08-31119

KEVIN DAVIS, Surviving Spouse of Decedent, Donise Davis,
Individually and as Court-Appointed Administrator of the
Succession of Donise Davis and the Succession of Donise
Davis; LESLIE MICHELLE LASENBURG, Widow of Kevin Davis and
also as court-appointed Administratrix of the Succession of
Kevin Michael Davis; MARY BETH BROWN, surviving mother
of Donise Davis, and as court-appointed Administratrix of the
Succession of Donise Davis; KEITH DAVIS

                                                    Plaintiffs - Appellants

v.

UNITED STATES OF AMERICA

                                                    Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-cv-03040

Before BARKSDALE, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

The family of a person tragically killed during a Hurricane Katrina rescue

operation brought suit against the United States. The district court dismissed,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

finding no subject matter jurisdiction because of statutory limits on liability in such situations. We AFFIRM.

## I. FACTS AND PROCEDURAL BACKGROUND

When Hurricane Katrina struck the coasts of Louisiana and Mississippi on August 29, 2005, the President declared that a major disaster existed. He authorized federal assistance in the recovery. Under that authorization, the U.S. Navy performed search and rescue missions for stranded survivors.

On September 2, 2005, Kevin Davis and Donise Davis were among those who escaped the floodwaters by climbing onto the elevated Claiborne Avenue Expressway in New Orleans. A Navy helicopter arrived to offer rescue. Its crew consisted of two pilots, a rescue swimmer, and a hoist operator. The helicopter hovered at forty feet above the expressway. The rescue swimmer – which was his duty description, but the rescue was being attempted on the roadway above the water – was lowered.

After descending, the rescuer placed a rescue strop around Ms. Davis. During the lift, the hoist operator noticed that Ms. Davis's arms had become free of the restraining straps, and she was sinking into the rescue strop. The hoist operator and the rescue swimmer attempted to lift Ms. Davis into the helicopter cabin. After a brief struggle, Ms. Davis lifted her arms straight up and fell approximately forty feet onto the expressway.

Because the crew had no rescue basket, the pilot radioed a nearby Coast Guard helicopter for assistance. The Navy helicopter left the scene to make way, and the Coast Guard helicopter arrived. Rescuers lifted Davis into their helicopter by rescue basket. She died as a result of the injuries suffered in her fall during the Navy's rescue attempt.

Ms. Davis's husband filed suit in district court against the United States under the Federal Tort Claims Act and the Louisiana Civil Code. He alleged various torts including wrongful death, negligence, and battery. The Government asserted as a defense the immunity provisions of the Robert T. Stafford Disaster Relief and Emergency Assistance Act and the Federal Tort Claims Act. *See* 42 U.S.C. § 5148; 28 U.S.C. § 2680(a).

The Government moved to dismiss the case for lack of subject matter jurisdiction or, in the alternative, for summary judgment. After oral argument, the district court granted the motion. In its findings, the district court concluded that the Government was immune from suit.

## II. DISCUSSION

We review *de novo* a district court's dismissal for lack of subject matter jurisdiction. *St. Tammany Parish ex rel. Davis v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 315 (5th Cir. 2009).

The party which asserts jurisdiction bears the burden of proof for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A Rule 12(b)(1) motion should be granted only "if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction." *Castro v. United States*, 560 F.3d 381, 386 (5th Cir. 2009). In ruling on such a motion, the court may consider any one of the following: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

Due to sovereign immunity, the United States can only be sued with Congress's consent. *Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983). The Federal Tort Claims Act lowers the sovereign immunity barrier for certain tort suits for money damages. *In re Supreme Beef Processors, Inc.*, 468 F.3d 248, 252 (5th Cir. 2006). The Federal Tort Claims Act, though, contains a discretionary function exception that makes the United States not liable for the following:

> Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a).

Similarly, the Stafford Act precludes government liability "for any claim based upon the exercise or performance of or the failure to exercise or perform a discretionary function or duty on the part of a Federal agency." 42 U.S.C. § 5148. This court recently held that the meaning of "discretionary function or duty" is the same in the Stafford Act and in the Federal Tort Claims Act. *St. Tammany Parish,* 556 F.3d at 319; 42 U.S.C. § 5148; 28 U.S.C. § 2680(a).

A two-part test has been established for determining whether the discretionary function exception applies to government employee conduct. *United States v. Gaubert*, 499 U.S. 315 (1991). First, the conduct must involve "an element of judgment or choice." *Id.* at 322 (quoting *Berkovitz v. United States*, 486 U.S. 531, 536 (1988)). Second, the judgment or choice must be based

on considerations of public policy, for that is the kind of judgment the discretionary function exception was designed to shield. *Id.* at 322-23.

We examine the Government's conduct under the first *Gaubert* prong. The Davis family identifies some mandatory language in the Navy's Search and Rescue Manual. Importantly, though, the manual's preface provides that a "rescue environment may require deviation from procedures contained herein. Deviation from specified rescue procedures is authorized in emergency situations when safety justifies such a deviation." Hurricane Katrina presented the sort of emergency situation justifying a deviation from the manual's provisions. The acts of alleged negligence were discretionary decisions made by the rescuers.

We turn now to the second *Gaubert* prong. If a regulation allows employee discretion, the regulation creates a "strong presumption" that the discretionary act authorized by the regulation involves the same policy considerations that led to the creation of the regulation. *Gaubert*, 499 U.S. at 324. Decisions about "when, where, and how to allocate limited resources within the exigencies of an emergency" are the types of policy decisions protected by the discretionary function exception. *Freeman v. United States*, 556 F.3d 326, 340 (5th Cir. 2009).

In the emergency left in the wake of Hurricane Katrina, rescuers had to allocate their time and resources. The failed rescue of the decedent resulted from an on-the-spot balance of the rescue need with the safety considerations of doing so with the equipment available. Safety, efficiency, timeliness, and allocations of resources were all necessary to consider, the very policy considerations under the *Gaubert* framework that made the acts discretionary.

## III. CONCLUSION

The Davis family did not identify a mandatory duty breached by the U.S. Navy rescuers. Further, the rescuers' decisions were grounded in public policy considerations. Consequently, the discretionary function exceptions of the Stafford Act and the Federal Tort Claims Act apply.

The judgment of the district court is AFFIRMED.