# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 4, 2012

No. 11-30034
Summary Calendar

Lyle W. Cayce
Clerk

MARK ANTHONY VINZANT,

Plaintiff - Appellant

v.

UNITED STATES OF AMERICA; M. DAMIAN EVERY; STATE FARM
AUTOMOBILE INSURANCE COMPANY,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-CV-10561

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Mark A. Vinzant, *pro se*, appeals an adverse judgment following a bench trial on his personal injury claims. For the following reasons, we AFFIRM the district court's judgment.

## I.

On July 7, 2005, Vinzant, a federal prisoner at that time, was riding with other prisoners in a transport van (the "trailing van") driven by a United States

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30034

Marshal. The van was following another transport van (the "lead van"), driven by another Marshal and also containing prisoners. The prisoners were shackled but were not restrained by seatbelts. When the lead van made a sudden stop, the trailing van rear-ended it. Another car, driven by M. Damian Every, rear-ended the trailing van. The evidence is conflicting on whether Every's car pushed the trailing van into the lead van or whether the vans had already collided.

Vinzant filed a complaint on November 27, 2006, seeking damages for his personal injuries and medical expenses sustained as a result of the accident. The complaint named the United States; the two Marshals who drove the transport vans; M. Damian Every; and Every's insurer, State Farm, as defendants. The Marshals were dismissed from the action and are not parties on appeal. Vinzant alleged that negligent driving by the Marshals and Every caused the accident. He later developed a theory that the Marshals' failure to secure him with a seatbelt also contributed to his injuries.

On March 5, 2007, State Farm, on behalf of itself and Every, moved to dismiss the claims asserted against them. State Farm argued that Vinzant's claims against private defendants, which sounded in Louisiana state law, had prescribed. The district court granted State Farm's motion on March 28, 2007.

On January 4, 2010, the United States moved to dismiss Vinzant's claims against it to the extent that those claims were based on the Marshals' failure to secure Vinzant with a seatbelt. The United States argued that the failure to secure a prisoner seated in the rear of a vehicle with a seatbelt is a discretionary act for which the United States has not waived immunity under the Federal Tort Claims Act (FTCA). The district court granted this motion on May 7, 2010.

After a bench trial on the remaining issues, the district court ruled in favor of the United States, and entered judgment to that effect on November 30, 2010. Vinzant appeals.

2

No. 11-30034

## II.

On appeal, Vinzant argues that the district court erred in dismissing his claims against State Farm and Every, and in dismissing the seatbelt theory he asserted against the United States.  Vinzant also argues that several of the district court judge's evidentiary rulings evince a bias that tainted the outcome of the trial, and that the judge's review of the trial evidence was improper.  We examine each of these arguments in turn.

## A.

We begin with the claims asserted against State Farm and Every, which the district court dismissed before trial because the prescriptive period on those claims had run, making it impossible for Vinzant to state a claim for relief.  We review the district court's dismissal for failure to state a claim de novo.  *Brown v. Cont'l Airlines, Inc.*, 647 F.3d 221, 225 (5th Cir. 2011).

Before assessing Vinzant's arguments regarding prescription, we must examine our own appellate jurisdiction: State Farm argues that we lack jurisdiction over an appeal of this dismissal, as Vinzant's notice of appeal only references the judgment dated November 30, 2010, which does not itself reference the other dispositive orders in the case.  An appeal from a final judgment serves as an appeal from "'all prior orders intertwined with the final judgment.'" *Jordan v. Ector Cnty.*, 516 F.3d 290, 294 (5th Cir. 2008) (quoting *Trust Co. of La. v. N.N.P., Inc.*, 104 F.3d 1478, 1485 (5th Cir.1997)).  Vinzant's notice of appeal  is to be liberally construed and confer jurisdiction even over an unmentioned order as long as "'failure to designate the order does not mislead or prejudice the other party.'" *Id.* (quoting *Trust Co. of La.*, 104 F.3d at 1486).  The judgment dated November 30, 2010, was final in that it disposed of the remaining issues in the case.  The dismissal of State Farm and Every, granted in March 2007, was a step in the progression leading to judgment, and is therefore intertwined with the judgment.  We perceive no prejudice to State

No. 11-30034

Farm or Every in our deciding this appeal as it relates to those defendants, and we will exercise appellate jurisdiction over all the issues raised on appeal.

In dismissing these claims, the district court applied Louisiana's law of prescription, reasoning that a tort claim against private defendants sounds in state law. Under Louisiana law, Vinzant had one year from the date of the accident to bring suit. *See* LA. CIV. CODE ANN. art. 3492. He missed this deadline by over four months. Vinzant argues that the doctrines of equitable tolling and equitable estoppel rescue his claims from prescription. Vinzant did not, however, raise these arguments in the court below, and we generally do not consider arguments raised for the first time on appeal. *Flores-Garza v. I.N.S.*, 328 F.3d 797, 804 n.7 (5th Cir. 2003).

Even if we consider these arguments—whether called by the labels Vinzant has chosen or by the Louisiana label, contra non valentem—Vinzant alleges no conduct on the part of State Farm or Every that would necessitate the intervention of equity. Instead, Vinzant argues that the United States Marshals and Louisiana State Troopers did not promptly assist him in his investigation of the car accident, and that their delay prevented him from timely suing the other defendants, State Farm and Every. Vinzant identifies no wrongdoing by State Farm or Every that prevented him from filing his suit within the prescriptive period. Additionally, Vinzant's brief concedes that he began his investigation nearly five months after the accident occurred. Whatever delays he experienced in locating an accident report, identifying Every, and then bringing suit were compounded by his own lack of diligence. We hold that the district court committed no error in ruling Vinzant's claims against State Farm and Every prescribed.

## B.

We now consider the district court's dismissal of Vinzant's seatbelt theory for lack of subject matter jurisdiction. We review this dismissal de novo.

No. 11-30034

*Rodriguez v. Christus Spohn Health Sys. Corp.*, 628 F.3d 731, 734 (5th Cir. 2010). The district court held that the failure to secure prisoners seated in the rear of a vehicle with seatbelts is a discretionary act, and therefore not a decision for which the United States has waived sovereign immunity.

Under the FTCA, Congress has waived the sovereign immunity and permitted the United States to be sued for a "negligent . . . act or omission of any employee of the Government while acting within the scope of his . . . employment, under circumstances where . . . a private person . . . would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). There are a number of exceptions to this waiver of immunity, including the discretionary function exception, which provides that immunity is not waived for the following:

> Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680. Whether particular conduct falls under this exception turns on a two-prong test: "First, the conduct must involve an element of judgment or choice. Second, the judgment or choice must be based on considerations of public policy, for that is the kind of judgment the discretionary function exception was designed to shield." *Davis v. United States*, 597 F.3d 646, 650 (5th Cir. 2009) (internal quotation marks and citation omitted).

We agree with the United States that both prongs of the test are satisfied here. *See Vinson v. United States Marshals Service*, No. 0:10–79–RMG, 2011 WL 3903199, at *3 (D.S.C. Sept. 2, 2011); *MacCaffray v. United States*, No. 2:97–CV–403, 1998 WL 560047, at *3 (D. Vt. Aug. 27, 1998). At the time of the

accident, Louisiana law did not require seatbelts for rear-seat passengers. *See* LA. REV. STAT. ANN. § 32.295.1 (2005). Vinzant concedes that he was seated in the rear of the van; therefore state law did not require the Marshals to secure him with a seatbelt. Further, Vinzant points to no policy binding on the U.S. Marshals Service requiring Marshals to secure prisoners with seatbelts. The decision to seatbelt prisoners was instead discretionary, left to the judgment of each Marshal. The decision was also based on a policy choice—striking a balance between the safety of prisoners during transport and the safety of Marshals, which might be imperiled if the Marshals had to get close enough to the prisoners to buckle and unbuckle their seatbelts. Therefore, based on these facts, the decision to secure prisoners with seatbelts falls under the discretionary function exception in this case. The district court properly held that it had no jurisdiction to hear a claim against the United States based on Vinzant's seatbelt theory.

## C.

Lastly, we turn to Vinzant's arguments that the district court judge's evidentiary rulings evince bias, and that the judge did not properly weigh the evidence. We review evidentiary and discovery-related rulings for abuse of discretion. *Andrade v. Chojnacki*, 338 F.3d 448, 454 (5th Cir. 2003) (citing *Munoz v. Orr*, 200 F.3d 291, 300 (5th Cir. 2000)). We review the findings of fact in a bench trial for clear error. *In re Mid-South Towing Co.*, 418 F.3d 526, 531 (5th Cir. 2005) (citing *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 601 (5th Cir. 2000)).

## 1.

Vinzant challenges several evidentiary and discovery rulings: the denial of his motion to extend the deadline for evidentiary motions and the trial date; the allowance of the United States' motions in limine after the deadline for

evidentiary motions; the refusal to consider his argument on mitigation; and the decision to end the trial after one day.

Vinzant's only explanation as to why these rulings constitute an abuse of discretion is that they were adverse to him.  Although the rulings prejudiced Vinzant's case, just as any adverse ruling prejudices a party's case, we are not persuaded that the prejudice was unfair.  Instead, the record reveals some evidentiary rulings favoring Vinzant and others disfavoring him.  This reflects a lack of bias.

### 2.

Vinzant's argument that the judge did not properly weigh the evidence is similarly defective.  Vinzant argues that the judge, faced with conflicting testimony, should have resolved the conflict in his favor, but he offers no reason why the judge's resolution in the United States' favor constitutes clear error.

Vinzant's witnesses testified that the trailing van hit the lead van before being rear-ended by the civilian vehicle, driven by Every.  The United States' witnesses testified that Every's car hit the trailing van first, pushing it into the lead van.  The district court judge found the United States' witnesses more credible.  Vinzant invites us to reverse this credibility determination, and in so doing to take on the role of the trier of fact.  This invitation contradicts our precedent, and we refuse to accept it.  *See Canal Barge Co., Inc. v. Torco Oil Co.*, 220 F.3d 370, 375 (5th Cir. 2000) ("We cannot second guess the district court's decision to believe one witness' testimony over another's or to discount a witness' testimony.").  We hold that the district court committed no error in weighing the evidence.

### III.

The appellant, Vinzant, challenges two dispositive rulings: a dismissal of his claims against State Farm and Every and a dismissal of his seatbelt theory asserted against the United States.  Vinzant also challenges numerous

No. 11-30034

evidentiary and discovery rulings and the district court judge's weighing of the evidence.

We have considered all of the arguments and find no reversible error. The district court's judgment is

AFFIRMED