# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 7, 2012

Lyle W. Cayce
Clerk

No. 11-50676
Summary Calendar

STEVEN RAY SAWYER,

Plaintiff-Appellant,

versus

CLARENCE KEITH WRIGHT, formerly of Faith Presbyterian Church;
DAVID M. EVANS, of the Hills Presbyterian Church;
SEVERAL SALARIED EMPLOYEES;
PERSONS CALLED BY MISSION PRESBYTERY; SYNOD OF THE SUN;
PRESBYTERIAN CHURCH UNITED STATES OF AMERICA GENERAL
ASSEMBLY AND THEIR EXECUTIVE OFFICES AND OFFICERS;
JOHN C. GILBERT, of First United Methodist;
DAVID ROBINSON, of the Austin District of the Methodist Church;
JEFF WARD; MAYOR LEE LEFFINGWELL, City of Austin, Texas;
MAYOR FRANK COOKSEY; JIM MCNABB; ET AL.;
GRADYE PARSONS,
Stated Clerk Presbyterian Church United States of America;
CYNTHIA BOLBACH,
Moderator Presbyterian Church United States of America;
HILARY SHUFORD, Mission Presbytery Executive Presbyter;
MILES WHITE, Mission Presbytery Stated Clerk;
JUDY FLETCHER, Synod Executive, Synod of the Sun;
BOBBI KAYE JONES,
District Superintendent United Methodist Church Austin;
KEYE; MISSION PRESBYTERY,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:11-CV-2

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Steven Sawyer appeals a judgment of dismissal for want of subject-matter jurisdiction and failure to state a claim. We affirm.

I.

As a court of limited jurisdiction, a federal court must affirmatively ascertain subject-matter jurisdiction before adjudicating a suit. A complaint should be dismissed for lack of subject-matter jurisdiction where "it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction." *Davis v. United States*, 597 F.3d 646, 649 (5th Cir. 2009) (citation and internal quotation marks omitted). The party seeking relief bears the burden of establishing subject-matter jurisdiction. *United States v. Hays*, 515 U.S. 737, 743 (1995).

Even if a plaintiff shows subject-matter jurisdiction, however, his complaint must state a legally cognizable claim. It must contain sufficient factual allegations that, accepted as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50676

## II.

Sawyer presents only one claim within the subject-matter jurisdiction of the federal courts. "Although we liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel," *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995), Sawyer's incomprehensible brief and the many disjointed allegations therein cannot be construed to demonstrate any adequate basis for subject-matter jurisdiction, save one:  He alleges that the City of Austin "violated [his] civil right to freedom of religion," an allegation we (liberally) construe as invoking the Free Exercise Clause of the First Amendment.  Sawyer claims the city fired him when he refused "to lie, cheat, deceive, and steal," which he considers violations of "the religion he was ordained in."

But even this remnant of Sawyer's case must be dismissed for failure to state a claim for relief.  Nowhere does he allege a coherent sequence of facts tending to show that his Free Exercise claim is plausible.  Under the First Amendment, "the government may not place conditions on public benefits, including jobs, that penalize applicants [or employees] for their speech, beliefs, or association." *Colson v. Grohman*, 174 F.3d 498, 508 (5th Cir. 1999).  Sawyer's brief, however, gives no indication of what facts gave rise to this alleged government action; instead, the brief states only that he was fired for refusing to betray his religious principles.  For example, he never identifies the superior who allegedly terminated him or any particular situation in which he was urged "to lie, cheat, deceive, and steal."  Though we are obliged to construe Sawyer's *pro se* brief liberally, we may not adduce factual allegations beyond those in the brief.

The judgment of dismissal is AFFIRMED.