# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-31164

United States Court of Appeals
Fifth Circuit

**FILED**
September 21, 2015

Lyle W. Cayce
Clerk

KATHRYN ROTHKAMM,

>       Plaintiff - Appellant

v.

UNITED STATES OF AMERICA; INTERNAL REVENUE SERVICE,

>       Defendants - Appellees

Appeal from the United States District Court
for the Middle District of Louisiana

Before JOLLY, HIGGINBOTHAM, and DAVIS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Plaintiff-Appellant Kathryn Rothkamm and her husband filed separate tax returns. Rothkamm's husband incurred a tax liability, and the IRS levied her account at a bank, which she asserts was her separate property. She initially sought a Taxpayer Assistance Order ("TAO") through the Taxpayer Advocate Service but obtained no relief. She then filed an administrative claim and, when that was denied, filed this suit for wrongful levy. The IRS filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) on the ground that the suit was untimely under the applicable nine-month statute of limitations and had not been tolled by her TAO application. The district court concluded that Rothkamm was not a "taxpayer" for purposes of the TAO

No. 14-31164

statute, 26 U.S.C. § 7811, and that, even if she was, § 7811(d) would not toll the running of the statute of limitations in this case. Accordingly, the district court dismissed for lack of subject matter jurisdiction. Rothkamm appealed, arguing both that she is a "taxpayer" under section 7811 and that the nine-month statute of limitations was tolled by her TAO application. For the reasons set forth below, we agree on both grounds and therefore reverse and remand.

## I.     BACKGROUND

Plaintiff-Appellant Kathryn Rothkamm and Defendants-Appellees United States of American and the Internal Revenue Service (collectively the "Government" or "IRS") agree on the relevant facts, as the district court set out below:

> Rothkamm is the owner of a certificate of deposit maintained in an account at IberiaBank, located at 7325 Highland Road, Baton Rouge, Louisiana. On March 6, 2012 the Internal Revenue Service ("IRS") issued to IberiaBank a Notice of Levy for Rothkamm's account to satisfy certain tax liabilities of Kathryn's husband, Chester J. Rothkamm, Jr. Thereafter, on April 18, 2012, IberiaBank remitted to the IRS the full contents of Rothkamm's account, consisting of $73,360.41.

> Less than two weeks later, on April 30, 2012, Rothkamm attempted to challenge the IRS's levy by filing an application for assistance with the Taxpayer Advocate Service ("TAS"). On October 11, 2012, having determined that it "was unable to provide any assistance to [Rothkamm]," the TAS "closed" Rothkamm's case.

> Still seeking relief, on May 15, 2013 Rothkamm filed with the IRS an administrative claim for wrongful levy pursuant to 26 U.S.C. § 6343(b). The IRS denied Rothkamm's claim on July 1, 2013. Finally, on September 6, 2013, Rothkamm sued the IRS for wrongful levy in this Court, pursuant to 26 U.S.C.

2

No. 14-31164

§ 7426. On November 8, 2013, the Government filed the motion to dismiss that is the subject of this Order.[1]

Rothkamm filed this suit for wrongful levy under 26 U.S.C. § 7426(a)(1), which provides:

> **(1) Wrongful levy.**--If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States. Such action may be brought without regard to whether such property has been surrendered to or sold by the Secretary.[2]

Section 7426(i) provides that the nine-month statute of limitations in 26 U.S.C. § 6532(c) applies; this period may be tolled by filing an administrative claim for return of the wrongfully levied property under 26 U.S.C. § 6343(b).[3]

As the district court explained, the IRS levied Rothkamm's account on April 18, 2012. Thus, the general statute of limitations would have expired on January 18, 2013, absent any tolling. Rothkamm's administrative wrongful levy claim, which she filed on May 15, 2013, would toll the running of the statute of limitations if filed within the statute of limitations. Thus, the core question is whether, as Rothkamm contends, the statute of limitations was tolled while her application for a TAO was pending before the TAS. If so, her administrative claim under § 6343(b) would also have been timely, and the statute of limitations for filing suit would have been suspended until January

---

[1] *Rothkamm v. United States*, No. 3:13-CV-00589-BAJ, 2014 WL 4986884, at *1 (M.D. La. Sept. 15, 2014) (footnote and record citations omitted).

[2] 26 U.S.C. § 7426(a)(1).

[3] 26 U.S.C. § 6532(c)(1) (generally concerning "suits by persons other than taxpayers").

No. 14-31164

1, 2014, months after this suit was filed on September 6, 2013."[4] The district court summarized the key question and the parties' arguments as follows:

> To the extent that it is not already clear, the parties concede that the dispositive issue is whether Rothkamm's April 30, 2012 application for assistance to the TAS tolled the 9-month period of limitations for filing her wrongful levy suit. Rothkamm insists that her application to the TAS stopped the clock on her wrongful levy claim because she "is able to use the suspension of the statute of limitations provided by [26 U.S.C. §] 7811(d)." The Government disagrees, arguing: (1) 26 U.S.C. affords relief to "taxpayer[s]" and, as it relates to this case, Rothkamm "is not a taxpayer under any definition because she was not subject to a tax"; and (2), even if Rothkamm is a taxpayer within the meaning of section 7811, she is not entitled to tolling pursuant to section 7811(d) because "the suspensions of the statute of limitations periods [described there] are for IRS actions, not taxpayer [actions][.]"[5]

The district court therefore concluded that Rothkamm was not a "taxpayer" for purposes of the TAO statute, 26 U.S.C. § 7811, and even if she was, the statute could not toll the running of the statute of limitations.[6] Thus, the district court concluded that it had no subject matter jurisdiction to hear Rothkamm's claim against the IRS, granted the IRS's motion to dismiss, and dismissed Rothkamm's suit with prejudice. Rothkamm appealed.

## II.    Standard of Review

We review the district court's dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) de novo.[7] The central question is whether

---

[4] *Rothkamm*, 2014 WL 4986884, at *2 (record citations omitted).

[5] *Id.* (record citations omitted).

[6] *Id.* at *3.

[7] *Davis v. United States*, 597 F.3d 646, 649 (5th Cir. 2009) (citing *St. Tammany Parish ex rel. Davis v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 315 (5th Cir. 2009)).

No. 14-31164

Congress intended to waive sovereign immunity under these particular circumstances. The Supreme Court has "said on many occasions that a waiver of sovereign immunity must be 'unequivocally expressed' in statutory text."[8]

> Legislative history cannot supply a waiver that is not clearly evident from the language of the statute. Any ambiguities in the statutory language are to be construed in favor of immunity . . . so that the Government's consent to be sued is never enlarged beyond what a fair reading of the text requires. Ambiguity exists if there is a plausible interpretation of the statute that would not authorize money damages against the Government.[9]

Nevertheless,

> Although this canon of interpretation requires an unmistakable statutory expression of congressional intent to waive the Government's immunity, Congress need not state its intent in any particular way. We have never required that Congress use magic words. To the contrary, we have observed that the sovereign immunity canon "is a tool for interpreting the law" and that it does not "displac[e] the other traditional tools of statutory construction." *Richlin Security Service Co. v. Chertoff*, 553 U.S. 571, 589, 128 S. Ct. 2007, 170 L. Ed. 2d 960 (2008). What we thus require is that the scope of Congress' waiver be clearly discernable from the statutory text in light of traditional interpretive tools. If it is not, then we take the interpretation most favorable to the Government.[10]

In this case, we conclude the district court erred in determining the definition of "taxpayer" under § 7811 by failing to supply the Internal Revenue Code's generally applicable definition set out in § 7701; and the court further

---

[8] *F.A.A. v. Cooper*, 132 S. Ct. 1441, 1448, 182 L. Ed. 2d 497 (2012) (citing cases).
[9] *Id.* (citations omitted).
[10] *Id.*

5

No. 14-31164

erred in its interpretation of § 7811(d)'s tolling provision by failing to follow the plain language of the statute and associated regulations.

### III.   Analysis

### A.   Applicable Law

Resolution of this appeal turns on the TAO statute, 26 U.S.C. § 7811, which generally provides:

> **(a) Authority to issue.--**
>
>> **(1) In general.**--Upon application filed by a taxpayer with the Office of the Taxpayer Advocate (in such form, manner, and at such time as the Secretary shall by regulations prescribe), the National Taxpayer Advocate may issue a Taxpayer Assistance Order if--
>>
>>> **(A)** the National Taxpayer Advocate determines the taxpayer is suffering or about to suffer a significant hardship [as defined in § 7811(a)(2)] as a result of the manner in which the internal revenue laws are being administered by the Secretary; or
>>>
>>> **(B)** the taxpayer meets such other requirements as are set forth in regulations prescribed by the Secretary.[11]

Among other things, the statute provides for tolling of statutes of limitations during the pendency of an application for a TAO under certain circumstances; those provisions are discussed below.

The IRS has issued regulations for section 7811, found in 26 C.F.R. § 301.7811-1. Our interpretation is guided by the Supreme Court's two-step test

---

[11] 26 U.S.C. § 7811(a).

No. 14-31164

set out in *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984):

> When a court reviews an agency's construction of the statute which it administers, it is confronted with two questions. First, always, is the question whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress. If, however, the court determines Congress has not directly addressed the precise question at issue, the court does not simply impose its own construction on the statute, as would be necessary in the absence of an administrative interpretation. Rather, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute.[12]

In this case, not only is the language of the Internal Revenue Code clear and unambiguous and thus controlling, but the associated regulations are in accord with the statute.

### B.    Rothkamm Is a "Taxpayer" under Section 7811.

The district court concluded that Rothkamm cannot be a "taxpayer" under section 7811, reasoning as follows:

> The Court is persuaded by the Government's position and determines that Rothkamm's application for assistance to the TAS did not toll the 9–month period of limitations for filing her wrongful levy suit. First, the Court observes that the function of the TAS is to "assist taxpayers in resolving problems with the Internal Revenue Service." 26 U.S.C. § 7803(c)(2)(A)(i) (emphasis added); *see Hyler v. C.I.R.*, 84 T.C.M. (CCH) 717 (T.C. 2002), *aff'd* 104 F. App'x 13 (9th Cir. 2004). Despite her protests to the contrary, it is far from clear

---

[12] 467 U.S. at 842-43 (footnotes omitted).

whether Rothkamm—a wrongful levy claimant—is a "taxpayer" within the meaning of the relevant statutes. *See* 26 U.S.C. §§ 7803(c), 7811; *compare United States v. Williams*, 514 U.S. 527, 535–36 (1995) (holding that a party who, though not assessed a tax, paid a tax under protest to remove a federal tax lien from her property was a "taxpayer" entitled to bring administrative tax refund claim), with *EC Term of Years Trust v. United States*, 550 U.S. 429, 435 n. 4 (2007) ("It has been commonly understood that Williams did not extend § 1346(a)(1) to parties in the [wrongful levy claimant's] position."); *see also Wagner v. United States*, 545 F.3d 298, 303 (5th Cir. 2008).[13]

The district court erred by assuming, without saying so, that the term "taxpayer" is either undefined in the TAO statute, § 7811, or that it is defined narrowly to mean only the person against whom a tax is assessed. In fact, the Internal Revenue Code supplies a default definition of "taxpayer" for all of Title 26 which is broad enough to include Rothkamm in these circumstances. Section 7701 of the Internal Revenue Code, 26 U.S.C. § 7701, provides, in relevant part:

> **(a)** When used in this title, where not otherwise distinctly expressed or manifestly incompatible with the intent thereof-- . . .

> **(14) Taxpayer.**--The term "taxpayer" means any person subject to any internal revenue tax.[14]

Although the district court cited *Williams*, it failed to apply it properly. In *Williams*, the question was whether the plaintiff, Lori Williams, "who paid a tax under protest to remove a lien on her property, ha[d] standing to bring a refund action under 28 U.S.C. § 1346(a)(1), even though the tax she paid was assessed against a third party."[15] Section 1346(a)(1) authorized "[a]ny civil

---

[13] *Rothkamm*, 2014 WL 4986884, at *3.

[14] 26 U.S.C. § 7701(a)(14).

[15] 514 U.S. at 529.

action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected." The Government argued that "[u]nder 26 U.S.C. § 7422, a party may not bring a refund action without first exhausting administrative remedies; under 26 U.S.C. § 6511, only a 'taxpayer' may exhaust; under 26 U.S.C. § 7701(a)(14), Williams is not a taxpayer."[16]

The Government argued that because "taxpayer" was not defined in § 6511 to mean "person who paid the tax," the definition of "taxpayer" must be supplied by the Internal Revenue Code's general definition set out in § 7701(a)(14), which the Government asserted narrowly meant only the person against whom a tax was assessed.[17] The Supreme Court disagreed, explaining that § 7701(a)(14)'s definition of "taxpayer," which is generally applicable to the entire Internal Revenue Code, is broad enough to include a person who pays a tax assessed against another:

> Section 7701(a)(14), defining "taxpayer," informs us that "[w]hen used in [the Internal Revenue Code], where not otherwise distinctly expressed or manifestly incompatible with the intent thereof, ... [t]he term 'taxpayer' means any person subject to any internal revenue tax." That definition does not exclude Williams. The Government reads the definition as if it said "any person who is assessed any internal revenue tax," but these are not Congress' words. The general phrase "subject to" is broader than the specific phrase "assessed" and, in the tax collection context before us, we think it is broad enough to include Williams. In placing a lien on her home and then accepting her tax payment under protest, the Government surely subjected Williams to a tax, even though she was not the assessed party.[18]

---

[16] *Id.* at 532-33.

[17] *Id.* at 533-34.

[18] *Id.* at 535 (footnotes omitted).

No. 14-31164

In rejecting the Government's argument concerning one of its prior cases which did not concern the Internal Revenue Code, the Court noted that, if that case "is relevant at all, it shows our preference for commonsense inquiries over formalism—a preference that works against the Government's technical argument in this case."[19] Because the Court concluded that § 7701(a)(14)'s definition of "taxpayer" encompassed Williams, it held that Williams was a "taxpayer" for purposes of § 6511 and therefore was entitled to exhaust her administrative remedies, a prerequisite to suit under § 1346(a)(1), which did not itself use the word "taxpayer." The Court ultimately concluded that § 1346(a)(1) authorized Williams to sue the government to obtain a refund of the wrongfully collected taxes, reasoning that her claim fell under the broad terms of § 1346(a)(1) and did not give rise to relief under any other more specific statute.[20]

Following *Williams*, Congress did not revise § 7701(a)(14), so the Supreme Court's interpretation stands. Thus, under § 7701(a)(14), the word "taxpayer" means not only the person against whom a tax is assessed (here, Rothkamm's husband) but also the person who actually pays the tax (here, Rothkamm herself). Pursuant to § 7701(a), that definition applies throughout Title 26 "where not otherwise distinctly expressed or manifestly incompatible with the intent thereof."

The district court in its order and the IRS in its brief on appeal cited *EC Term of Years Trust v. United States*, 550 U.S. 429 (2007), apparently for the proposition that the definition of "taxpayer" is somehow limited to the person against whom the tax is assessed in the wrongful levy context.[21] That is not

---

[19] *Id.*

[20] *Id.* at 536-38.

[21] *See Rothkamm*, 2014 WL 4986884, at *3. The only other case cited by the district court, *Hyler v. C.I.R.*, 84 T.C.M. (CCH) 717 (T.C. 2002), *aff'd*, 104 F. App'x 13 (9th Cir. 2004), concerned the finer points of procedure under § 7811 by a person against whom a tax was

No. 14-31164

what that case says, however. In *EC Term of Years Trust*, the plaintiff, a trust, sued to recover property which it claimed had been wrongfully levied by the Government. The question was not whether a person in the trust's position could be a "taxpayer" under § 7701(a)(14). Indeed, the *Williams* court had already held that "subject to" in § 7701(a)(14) means someone who has actually paid a tax assessed against another, so the trust would meet that definition.

Rather, *EC Term of Years Trust* concerned the proper *remedy* (and thus statute of limitations) for a third-party payer (i.e., not the assessed taxpayer) who had paid the tax because of a wrongful levy.[22] The trust had filed suit under § 1346(a)(1), the same general statute the third-party "taxpayer" had used in *Williams* to obtain a refund of the wrongfully paid tax. The Government argued that the claim was required to be brought under a more specific statute enacted after *Williams*, 26 U.S.C. § 7426(a)(1) (the same statute under which Rothkamm sued in this case), which provided at the time: "If a levy has been made on property . . . any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in . . . such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court."[23] If the trust could bring suit under § 1346(a)(1), its suit would be timely, but it would be time-barred under § 7426(a)(1)'s stricter nine-month statute of limitations.

The Supreme Court noted that the difference was that the plaintiff in *Williams* had no means of obtaining relief other than suing under the general statute, § 1346; whereas Congress had later enacted specific relief for parties

---

levied and who was subjected to an IRS lien. It said nothing about the definition of "taxpayer" under § 7811 and did not involve someone who paid a tax assessed against another person. Thus, it is not relevant to this case.

[22] 550 U.S. at 430.

[23] 550 U.S. at 431.

11

in the same position as the trust, § 7426, which carried a much shorter nine-month statute of limitations. More fully:

> The Trust argues that in *United States v. Williams*, 514 U.S. 527, 115 S.Ct. 1611, 131 L.Ed.2d 608 (1995), we construed the general jurisdictional grant of § 1346(a)(1) expansively enough to cover third parties' wrongful levy claims. So, according to the Trust, treating § 7426(a)(1) as the exclusive avenue for these claims would amount to a disfavored holding that § 7426(a)(1) implicitly repealed the pre-existing jurisdictional grant of § 1346(a)(1). *See Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 96 S. Ct. 1989, 48 L.Ed.2d 540 (1976); *Morton v. Mancari*, 417 U.S. 535, 94 S. Ct. 2474, 41 L.Ed.2d 290 (1974).
>
> But the Trust reads *Williams* too broadly. Although we decided that § 1346(a)(1) authorizes a tax-refund claim by a third party whose property was subjected to an allegedly wrongful tax lien, we so held on the specific understanding that no other remedy, not even a timely claim under § 7426(a)(1), was open to the plaintiff in that case. *See Williams, supra*, at 536–538, 115 S. Ct. 1611. Here, on the contrary, the Trust challenges a levy, not a lien, and could have made a timely claim under § 7426(a)(1) for the relief it now seeks under § 1346(a)(1).[24]

The Court further explained that by enacting § 7426(a)(1), Congress had impliedly repealed § 1346(a)(1) with respect to taxpayers in the trust's position.[25]

Nothing in *EC Term of Years Trust* concerned the definition of "taxpayer" found in § 7701(a)(14). The Court did not cite the statute or discuss its definition because it was not necessary for resolution of the case. Section 7426(a)(1) is not written in terms of "taxpayer" versus "non-taxpayer" but

---

[24] *Id.* at 434-35.
[25] *Id.* at 435-36.

applies to "any person (other than the person against whom is assessed the tax out of which such levy arose)" whose property was wrongfully levied to pay a tax. Such a person is unquestionably "subject to" the tax and therefore is a "taxpayer" under § 7701(a)(14), but that definition has nothing to do with the issue presented in *EC Term of Years Trust*: whether such a person may still file suit under § 1346(a)(1) or must file suit under the more specific statute, § 7426(a)(1).

All of which is to say that *Williams* defined "taxpayer" broadly under § 7701(a)(14) to include not only the assessed taxpayer but also a person who actually pays the tax, and *EC Term of Years Trust* did nothing to alter that definition. It simply held that a third-party (relative to the assessed taxpayer) whose property is wrongfully levied must bring suit under § 7426(a)(1) rather than § 1346(a)(1) because § 7426(a)(1) specifically covers that situation. In this case, Rothkamm brought suit under § 7426(a)(1) and has always conceded that the nine-month statute of limitations applies to her case.

The question here is whether Rothkamm is a "taxpayer" under the TAO statute, § 7811, such that she could even apply for a TAO in the first place and potentially toll the running of the statute of limitations under § 7811(d), as discussed in the next part. Because, under *Williams*, she is a "taxpayer" under the default definition set out under § 7701(a)(14), we must determine whether the TAO statute, § 7811, and the statute creating the Office of the Taxpayer Advocate, § 7803, "distinctly express" a definition of "taxpayer" that is different from or somehow "manifestly incompatible" with the default definition set out in § 7701(a)(14).

In establishing the Office of the Taxpayer Advocate in § 7803(c), Congress set out the Office's general functions as follows:

> **(A) In general.**--It shall be the function of the Office
> of the Taxpayer Advocate to—

No. 14-31164

>**(i)** assist taxpayers in resolving problems with the Internal Revenue Service;
>
>**(ii)** identify areas in which taxpayers have problems in dealings with the Internal Revenue Service;
>
>**(iii)** to the extent possible, propose changes in the administrative practices of the Internal Revenue Service to mitigate problems identified under clause (ii); and
>
>**(iv)** identify potential legislative changes which may be appropriate to mitigate such problems.[26]

The other provisions are similarly broad. It is significant that nowhere in § 7803 did Congress "specifically express" a definition of "taxpayer" more limited than the one set out in § 7701(a)(14), and nothing in the statute suggests that § 7701(a)(14)'s broad definition of "taxpayer" is "manifestly incompatible" with the functions of the Office of the Taxpayer Advocate. If the purpose of the office is to assist taxpayers in resolving their problems with the IRS, it is difficult to say that a taxpayer who actually pays a tax assessed against someone else should be treated worse than the person against whom it is assessed, absent any statutory language saying so. Indeed, § 7803 has been amended a few times since *Williams* was decided in 1995, and Congress has not redefined "taxpayer" more narrowly.

Similarly, the statute governing TAOs, § 7811, neither "specifically expresses" a more limited definition of "taxpayer" nor is "manifestly incompatible" with § 7701(a)(14)'s broad definition. Most notably, § 7811(a)(1) provides:

>**(a) Authority to issue.**--

---

[26] 26 U.S.C. § 7803(c)(2)(A).

No. 14-31164

**(1) In general.**--Upon application filed by a taxpayer with the Office of the Taxpayer Advocate (in such form, manner, and at such time as the Secretary shall by regulations prescribe), the National Taxpayer Advocate may issue a Taxpayer Assistance Order if--

> **(A)** the National Taxpayer Advocate determines the taxpayer is suffering or about to suffer a significant hardship as a result of the manner in which the internal revenue laws are being administered by the Secretary; or

> **(B)** the taxpayer meets such other requirements as are set forth in regulations prescribed by the Secretary.[27]

Again, nothing in the statute suggests a definition of "taxpayer" other than the default definition supplied by § 7701(a)(14). Because the statute is clear, we must conclude that the § 7701(a)(14) definition of "taxpayer" applies. The associated regulations also do not "specifically express" a more narrow definition of "taxpayer."[28] Indeed, at least four of the ten example situations set out in the regulations, all concerning wrongful levies, are written without specifying whether the TAO applicant is an assessed taxpayer or a third-party taxpayer who pays the tax assessed to another.[29] In short, neither the statutes (§§ 7803 and 7811) nor the regulations are "manifestly incompatible" with § 7701(a)(14)'s broad definition of "taxpayer." Thus, the district court erred in holding that Rothkamm is not a "taxpayer" under § 7811.

---

[27] 25 U.S.C. § 7811(a)(1).

[28] *See* 26 C.F.R. § 301.7811-1.

[29] *See* 26 C.F.R. § 301.7811-1(a), Ex. 1 (IRS levies A's bank account; does not specify whether A is assessed taxpayer or third-party taxpayer); § 301.7811-1(e), Exs. 1, 2 and 3 (do not specify whether person subject to levy is an assessed taxpayer or a third-party taxpayer paying a tax assessed against another).

No. 14-31164

We now turn to the question of whether § 7811(d) tolled the running of the statute of limitations when Rothkamm filed her TAO application.

## C. Section 7811 Provides for Tolling under These Circumstances.

Although the district court concluded that Rothkamm was not a "taxpayer" under § 7811 and therefore could not avail herself of the TAO scheme in the first place, it ruled, in the alternative, that the statute would not allow tolling under these circumstances even if she were a "taxpayer":

> But even if the Court assumes for sake of argument that Rothkamm is a taxpayer within the meaning of 26 U.S.C. § 7811, she still cannot prevail because a plain reading of section 7811(d) shows that the time periods tolled relate to actions available to the IRS, not actions available to the taxpayer. *See* 26 U.S.C. § 7811(c), (d). This conclusion is reinforced by the relevant administrative regulations, which state unequivocally: "A taxpayer's right to administrative or judicial review will *not* be . . . expanded in *any* way as a result of the taxpayer's seeking assistance from TAS." 26 C.F.R. § 301.7811–1 (emphasis added); *see Demes v. United States*, 52 Fed. Cl. 365, 373 (Fed. Cl. 2002) ("I.R.C. § 7811(a) . . . . does not go to the tolling of the statute of limitations in court, but rather confers the IRS with discretion to effect tolling upon a taxpayer's request. Plaintiffs therefore cannot sue in a court for a refund under this provision, nor can the court use it as a basis to toll the statute of limitations in plaintiffs' case:" (emphasis added)); *cf. Qureshi v. United States*, 200 F. App'x 973, 975 (Fed. Cir. 2006) (unpublished but persuasive) ("[I.R.C. § 7811(a)] merely confers the IRS with discretion to provide a taxpayer with relief under certain circumstances.").[30]

We conclude the district court erred because the plain language of the statute (and the associated regulations) provides for tolling in this situation.

---

[30] *Rothkamm*, 2014 WL 4986884, at *3.

No. 14-31164

## 1.    The Plain Language of Section 7811 Provides for Tolling Here.

Section 7811(a) provides that the "National Taxpayer Advocate may issue a Taxpayer Assistance Order" under appropriate circumstances. Section 7811(b) provides:

> **(b) Terms of a Taxpayer Assistance Order.**--The terms of a Taxpayer Assistance Order may require the Secretary within a specified time period--
>
> > **(1)** to release property of the taxpayer levied upon, or
> >
> > **(2)** to cease any action, take any action as permitted by law, or refrain from taking any action, with respect to the taxpayer under--
> >
> > > **(A)** chapter 64 (relating to collection),
> > >
> > > **(B)** subchapter B of chapter 70 (relating to bankruptcy and receiverships),
> > >
> > > **(C)** chapter 78 (relating to discovery of liability and enforcement of title), or
> > >
> > > **(D)** any other provision of law which is specifically described by the National Taxpayer Advocate in such order.[31]

Section 7811(d) provides:

> **(d) Suspension of running of period of limitation.**--The running of *any period of limitation* with respect to *any action described in subsection (b)* shall be suspended for--
>
> > **(1)** the period beginning on the date of the taxpayer's application under subsection (a) and ending on the date of the National Taxpayer

---

[31] 26 U.S.C. § 7811(b).

No. 14-31164

Advocate's *decision* with respect to such application, and

**(2)** any period specified by the National Taxpayer Advocate in a Taxpayer Assistance Order issued pursuant to such application.[32]

By its plain terms, § 7811(d)(1) applies to toll the running of *any* statute of limitations for *any* action described in § 7811(b) from the time the taxpayer files an application for the optional TAO until a decision is reached. Section 7811(d)(1) does not require that a TAO actually be issued or that any relief be granted. It simply provides that any statute of limitation for an action described in subsection (b) is tolled from the time an application is filed until the National Taxpayer Advocate reaches a decision.

It is plain from the language of the statute that because subsection (d) applies to all of subsection (b), it benefits both the IRS and the taxpayer, essentially pausing the running of the statutes of limitations applicable to both parties so that neither one is prejudiced by the TAO process. For instance, subsection (d), through subsection (b)(2)(A), tolls the statute of limitations for collection actions by the IRS, meaning the IRS does not lose any time to pursue collections when a taxpayer pursues a TAO. Likewise, subsection (d), through subsection (b)(1), tolls the statute of limitations for actions "to release property of the taxpayer levied upon." By definition, such an action is one by the taxpayer, and any tolling on such an action necessarily benefits the taxpayer. (It is also, of course, precisely the action at issue in this case.) Thus, the taxpayer may pursue a TAO without fear that the process—which Congress expressly designed to assist taxpayers—will prejudice her administrative or judicial rights in the event she does not obtain TAO relief. Subsection (d)'s plain language means that neither the IRS nor the taxpayer is any worse off

---

[32] 26 U.S.C. § 7811(d) (emphasis added).

No. 14-31164

when a taxpayer decides to pursue TAO relief because all relevant statutes of limitations are tolled. Under the plain terms of the statute, this tolling occurs automatically until the National Taxpayer Advocate reaches a decision on the TAO application, without regard to any discretion on the part of the IRS.

Several cases and secondary authorities, tracking the language of § 7811(d) confirm that the statute of limitations is tolled during the pendency of an application for a TAO, with no reference to any exception or any discretion on the part of the IRS to allow or disallow the tolling. *See United States v. Carinos Ambulance Serv., Inc.*, 654 F. Supp. 2d 52, 59-60 (D.P.R. 2009) (noting that the statute of limitations under 26 U.S.C. § 6502 is tolled from "the date the taxpayer submits Form 911 (Application for Taxpayer Assistance Order) until the date when the National Taxpayer Advocate decides with regards to the submitted application, (26 U.S.C. § 7811(d)(1))"); *In re Turner*, 182 B.R. 317, 329 (Bankr. N.D. Ala. 1995), *adhered to on reconsideration*, 195 B.R. 476 (Bankr. N.D. Ala. 1996) (noting that the statutes of limitation under 26 U.S.C. §§ 6501(c)(4) and 6502(a) "are suspended when the taxpayer files an application for a Taxpayer Assistance Order, and do not resume until the IRS's Taxpayer Ombudsman makes a decision on the taxpayer's application." (citing § 7811(d))); *In re Gore*, 182 B.R. 293, 304 (Bankr. N.D. Ala. 1995) (same); 20A Federal Procedure, Lawyers Edition § 48:1497 ("The running of any period of limitation with respect to any action for the issuance of a taxpayer assistance order will be suspended for: (1) the period beginning on the date of the taxpayer's application for taxpayer assistance and ending on the date of the National Taxpayer Advocate's decision with respect to such application . . . ."); 34 Am. Jur. 2d Federal Taxation ¶ 70627 ("The running of any limitations period . . . with respect to any action related to TAO . . . is suspended for (a) the period beginning on the date of the taxpayer's application for the TAO and

19

ending on the date of the National Taxpayer Advocate's decision on the application . . . ." (footnote omitted)).

Here, Rothkamm filed an application for a TAO for return of property subject to a wrongful levy, which is one of the proper subjects of a TAO under § 7811(b). Under the plain terms of § 7811(d)(1), "[t]he running of *any period of limitation* with respect" to that wrongful levy action was tolled from the time she filed her application until the time a decision was made on it. The nine-month statute of limitations for an action under § 7426(a) certainly qualifies as "any period of limitation" for a wrongful levy action, so it was tolled until a decision was made on her TAO application. Because her claim was tolled while she pursued the TAO, her later administrative wrongful levy claim under § 6343(b) was timely and, in turn, tolled her claim so that this suit was timely.

### 2.    There Is No Controlling Support for the District Court's Conclusion.

In agreeing with the IRS's argument that "a plain reading of section 7811(d) shows that the time periods tolled relate to actions available to the IRS, *not* actions available to the taxpayer," the district court did not discuss the language of § 7811(d) itself, and the sources it cited cannot change the fact that the plain language of the statute provides for automatic tolling from the time the TAO application is filed until a decision is reached. In addition to citing § 7811(d), the district court cited § 7811(c), which provides:

> **(c) Authority to modify or rescind.**--Any Taxpayer Assistance Order issued by the National Taxpayer Advocate under this section may be modified or rescinded--
>
>> **(1)** only by the National Taxpayer Advocate, the Commissioner of Internal Revenue, or the Deputy Commissioner of Internal Revenue, and

No. 14-31164

>**(2)** only if a written explanation of the reasons
>for the modification or rescission is provided to
>the National Taxpayer Advocate.[33]

Section 7811(c) has nothing to do with tolling. Indeed, § 7811(c) only applies once a TAO has actually been issued, whereas § 7811(d) applies to toll the statute of limitations up to the point a decision is reached, either to issue a TAO or deny relief. Thus, the provision is irrelevant here.

The district court also quoted the following sentence from 26 C.F.R. § 301.7811-1(b): "A taxpayer's right to administrative or judicial review will not be diminished or expanded in any way as a result of the taxpayer's seeking assistance from TAS." There are two problems with the district court's reliance on that sentence. First, under *Chevron*, if the language of the statute, § 7811(d), clearly provides for tolling (i.e., a waiver of sovereign immunity), then that ends the inquiry. The regulation cannot alter what Congress has clearly set out in the statute. Second, the sentence in the regulation the district court quotes comes from a subsection generally discussing TAOs and says nothing specifically about tolling:

>**(b) Generally.** A TAO is an order by the NTA to the IRS. The IRS will comply with a TAO unless it is appealed and then modified or rescinded by the NTA, the Commissioner, or the Deputy Commissioner. If a TAO is modified or rescinded by the Commissioner or the Deputy Commissioner, a written explanation of the reasons for the modification or rescission must be provided to the NTA. The NTA may not make a substantive determination of any tax liability. A TAO is also not intended to be a substitute for an established administrative or judicial review procedure, but rather is intended to supplement existing procedures if a taxpayer is about to suffer or is suffering a significant hardship. A request for a TAO

---

[33] 26 U.S.C. § 7811(c).

shall be made on a Form 911, "Request for Taxpayer Advocate Service Assistance (And Application for Taxpayer Assistance Order)" (or other specified form) or in a written statement that provides sufficient information for the Taxpayer Advocate Service (TAS) to determine the nature of the harm or the need for assistance. A taxpayer's right to administrative or judicial review will not be diminished or expanded in any way as a result of the taxpayer's seeking assistance from TAS.[34]

It is clear from the context that the concluding sentence does not concern tolling. However, 26 U.S.C. § 301.7811-1(e), part of the same regulation, *does* address tolling and tracks the provisions of § 7811(d). Both the relevant language of section 301.7811-1(e) and the associated examples show that the running of the statute of limitations is tolled until a decision on the TAO application is reached. Importantly, this specific subsection on tolling says nothing about tolling being subject to the IRS's discretion. Rather, the regulation notes that the Ombudsman (i.e., the representative of the Office of the Taxpayer Advocate, not the IRS) has the authority to *lengthen*—but not shorten—the period of tolling beyond the decision date:

> **(e) Suspension of statutes of limitations--(1) In general.** The running of the applicable period of limitations for any action which is the subject of a taxpayer assistance order shall be suspended for the period beginning on the date the Ombudsman receives an application for a taxpayer assistance order in the form, manner, and time specified in paragraph (b) of this section and ending on the date on which the Ombudsman makes a determination with respect to the application, *and for any additional period specified by the Ombudsman in an order issued pursuant to a taxpayer's application*. For the purpose of computing

---

[34] 26 C.F.R. § 301.7811-1(b).

the period suspended, all calendar days except the date of receipt of the application shall be included.

**(2) Date of decision.** The "date on which the Ombudsman makes a decision with respect to the application" is the date on which the taxpayer's request for a taxpayer assistance order is denied, or agreement is reached with the involved function of the Service, or a taxpayer assistance order is issued (except that when the taxpayer assistance order is reviewed by an official who may modify or rescind the taxpayer assistance order as provided in paragraph (d) of this section, the decision date is the date on which such review is completed).

**(3) Periods suspended.** The periods of limitations which are suspended under section 7811(d) are those which apply to the taxable periods to which the application for a taxpayer assistance order relate or the taxable periods specifically indicated in the terms of a taxpayer assistance order.

**Example 1.** On August 31, 1989, the Internal Revenue Service levies on funds in the taxpayer's checking account. On September 1, 1989 (at which time 7 months remain before the period of limitations on collection after assessment will expire on April 1, 1990) the Ombudsman receives the taxpayer's written application for a taxpayer assistance order. Subsequently, on September 6, 1989, the Ombudsman determines that the levy has caused a significant hardship and the Internal Revenue Service function which served the levy agrees to release the levy. The levy is released. As a result of the application and the decision by the Ombudsman and the involved function of the Service resolving the hardship, the statute of limitations on collection after assessment is suspended from the date the Ombudsman received the application, September 1, 1989, until the date on which the decision was made to release the levy,

23

No. 14-31164

September 6, 1989. Therefore, the statute of limitations on collection after assessment will not expire until after April 6, 1990, which is 7 months plus 5 days after the date on which the application for a taxpayer assistance order was received by the Ombudsman.

**Example 2.** The facts are the same as in example 1 except that the Internal Revenue Service function which served the levy does not agree to release the levy, and the Ombudsman, having made a determination that the levy is causing a significant hardship, issues a taxpayer assistance order on September 6, 1989, in which the levy is ordered to be released and specifies that the statute of limitations on collection after assessment is suspended for an additional 15 days. The period of limitations on collection after assessment will therefore not expire until after April 21, 1990, which is 7 months and 20 days (5 days plus 15 days) after the application for the taxpayer assistance order was received by the Ombudsman.

**Example 3.** The facts are the same as in example 2 except that the Ombudsman does not specifically suspend the statute of limitations on collection after assessment for an additional number of days in the taxpayer assistance order, but rather the function seeks modification or rescission of the taxpayer assistance order and the appropriate official charged with that responsibility completes his consideration of the assistance order on September 8, 1989. The period of limitations on collection after assessment will therefore not expire until after April 8, 1990, which is 7 months and 7 days after the application for the taxpayer assistance order was received by the Ombudsman.[35]

---

[35] 26 C.F.R. § 301.7811-1(e)(1)-(3).

Thus, the regulations associated with § 7811(d) **do not** make the tolling subject to the IRS's discretion. The only discretion granted under 26 C.F.R. § 301.7811-1(e) is granted to the Ombudsman in the Office of the Taxpayer Advocate, and even then only to toll the statute of limitations beyond the decision date. This precludes the argument that the IRS itself has the discretion to grant or deny tolling.

The caselaw cited by the district court in support of its conclusion is not binding and is, at any rate, deeply flawed. Most notably, the district court relied on *Demes v. United States*, 52 Fed. Cl. 365, 373 (Fed. Cl. 2002), which indeed concluded that the IRS has discretion to effect tolling on the taxpayer's behalf. The problem is that the *Demes* court cited no relevant support for that conclusion. The only authorities it cited—26 U.S.C. § 7811(a), 26 C.F.R. § 301.7811-1(c)(3), and *Inman v. Comm'r*, 871 F. Supp. 1275 (E.D. Ca. 1994)—say nothing about tolling.[36] Remarkably, the *Demes* court did not address either § 7811(d) or 26 C.F.R. § 301.7811-1(e), which actually establish the tolling rules.[37] Because *Demes* provided no viable support for its conclusion, it is not even persuasive authority, nor is any case that relies on *Demes*.[38]

In sum, the district court failed to construe the plain language of § 7811(d) (or even the associated regulation on tolling, 26 C.F.R. § 301.7811-1(e)), and there is no viable support for its conclusion that the statutes and regulations somehow give the IRS discretion to determine whether or not a TAO applicant's claim is tolled. Congress did not provide the IRS with that discretion under § 7811(d), and the only discretion granted in the regulations

---

[36] 52 Fed. Cl. at 373.

[37] *Id.*

[38] The district court also relied on *Qureshi v. United States*, 200 F. App'x 973, 975 (Fed. Cir. 2006), which itself cited *Demes. Qureshi* did not concern the IRS's supposed discretion to toll the running of the statute of limitations but its "discretion to provide a taxpayer with relief under certain circumstances." Thus, it is inapposite to the question presented here.

No. 14-31164

is the discretion granted to the Ombudsman to *lengthen* the period of tolling beyond the date of the decision on the TAO application.

### 3.    The IRS Has Presented No Viable Alternative Interpretation.

On appeal, the IRS raises two primary arguments, neither of which has merit. First, the IRS argues that Congress has directly addressed the question at issue (i.e., whether § 7811(d) tolls the running of the nine-month statute of limitations in § 7426(a)) because neither statute references the other statute, and therefore they cannot affect each other. The IRS does not explain how Congress may "directly address" something by remaining silent on it, but in any event § 7811(d) is *not* silent. As pointed out above, § 7811(d) tolls "[t]he running of any period of limitation with respect to any action described in" § 7811(b), including wrongful levy actions.

Next, the IRS argues that § 7811(d) cannot toll this wrongful levy action because "the tolling provisions of § 7811(d) do not mention wrongful levy actions under § 7426, and the none [sic] of the four categories of 'actions' subject to tolling under § 7811(b)(2) apply to this case." Again, § 7811(d) provides: "The running of any period of limitation with respect to any action described in subsection (b) shall be suspended . . . ." Subsection (b) provides:

> **(b) Terms of a Taxpayer Assistance Order.**--The terms of a Taxpayer Assistance Order may require the Secretary within a specified time period--
>
>> **(1)** to release property of the taxpayer levied upon, or
>>
>> **(2)** to cease any action, take any action as permitted by law, or refrain from taking any action, with respect to the taxpayer under [certain other laws].

The IRS seems to argue that § 7811(d)'s use of the phrase "action described in subsection (b)" means that only the parts of subsection (b) that

26

specifically use the word "action" may be tolled. Under the IRS's reading, that would include only subsection (b)(2), which specifically uses the word "action." That reading would conveniently exclude subsection (b)(1), which specifically concerns the wrongful levy action at issue here, simply because the word "action" is not used in subsection (b)(1). The IRS's argument ignores the fact that subsection (d) refers to all of subsection (b), not just subsection (b)(2), and strains credulity beyond the breaking point.

In short, the IRS has failed to offer a reasonable alternative construction of the plain language of § 7811(d), which provides for tolling under the circumstances presented herein.

## IV.   Conclusion

For the reasons set out above, we first conclude that Rothkamm, as the person who paid a tax assessed against another person, is a "taxpayer" under the Internal Revenue Code's default definition, and nothing in the TAO statute, § 7811, redefines or is manifestly incompatible with that definition. Next, we conclude that her TAO application tolled the running of the statute of limitations under the plain language of § 7811(d). Accordingly, we REVERSE and REMAND for further proceedings consistent with this proceeding.

27

No. 14-31164

PATRICK E. HIGGINBOTHAM, Circuit Judge, dissenting:

Kathryn Rothkamm claims that the IRS wrongfully levied a certificate of deposit issued solely in her name to satisfy tax liabilities of her husband. The Internal Revenue Code provides two different avenues to challenge a wrongful levy: (1) an administrative appeal; or (2) a lawsuit in federal court. By either avenue, the aggrieved party must act within nine months of the levy.[1] Rothkamm did not do so. I dissent from the majority's newly minted tolling rule. While this creativity is driven by a desire to achieve fairness, it suffers the vice common to such endeavors – it does the opposite by disrupting a carefully structured regime for the resolution of disputes between the IRS and property owners.

## I.

The IRS has "broad authority" to levy a taxpayer's property to satisfy unpaid tax liabilities.[2] Nevertheless, "[a] levy is wrongful if imposed upon property in which the taxpayer had no interest."[3] A third party such as Rothkamm seeking to challenge a wrongful levy has two options: (1) she may file an administrative request for the return of the property with the IRS[4] or (2) she may file a civil suit against the United States in federal district court.[5] These options are not mutually exclusive; if the third party's administrative request is denied, she may then file a civil suit – although an administrative request is not a prerequisite to filing suit in federal court. The period of

---

[1] 26 U.S.C. § 6532(c); *see United Sand & Gravel Contractors, Inc. v. United States*, 624 F.2d 733, 735-36 (5th Cir. 1980).

[2] *Oxford Capital Corp. v. United States*, 211 F.3d 280, 282-83 (5th Cir. 2000) (per curiam) (citations omitted).

[3] *Id.*

[4] *See* 26 C.F.R. § 301.6343-2(b).

[5] *See* 26 U.S.C. § 7426(a)(1). The Supreme Court has held that a general tax-refund claim is not available. *See EC Term of Years Trust v. United States*, 550 U.S. 429, 433-36 (2007).

No. 14-31164

limitation for filing a civil suit can be found at 26 U.S.C. § 6532(c). This

provision provides:

> **(1) General rule.**--Except as provided by paragraph
> (2), no suit or proceeding . . . shall be begun after the
> expiration of 9 months from the date of the levy or
> agreement giving rise to such action.
>
> **(2) Period when claim is filed.**--If a request is
> made for the return of property . . . , the 9-month
> period prescribed in paragraph (1) shall be extended
> for a period of 12 months from the date of filing of
> such request or for a period of 6 months from the date
> of mailing by registered or certified mail by the
> Secretary to the person making such request of a
> notice of disallowance of the part of the request to
> which the action relates, whichever is shorter.

Rothkamm filed an administrative request and, on its rejection, a civil

suit. To recap the timeline of events:

- March 6, 2012: The IRS issues a Notice of Levy to a bank of its levy upon a bank account that Rothkamm says was her property.
- April 18, 2012: The bank remits the contents of the account to the IRS.
- April 30, 2012: Rothkamm files an application for assistance with the Taxpayer Advocate Service ("TAS").
- October 11, 2012: TAS closes Rothkamm's case, advising that it is unable to provide assistance.
- May 15, 2013: Rothkamm files an administrative request with the IRS.
- July 1, 2013: The IRS denies Rothkamm's administrative request.
- September 6, 2013: Rothkamm sues the IRS in federal court.[6]

The key question in this case is whether Rothkamm's administrative request

was timely. Under § 6532(c)(2), Rothkamm's civil action would be timely if

filed within six months of the denial of a timely filed administrative request.

---

[6] *See Rothkamm v. United States*, No. 3:13-cv-00589-BAJ-RLB, 2014 WL 4986884, at *1 (M.D. La. Sept. 15, 2014).

29

No. 14-31164

But § 6532(c)(2) does not apply if an administrative request is untimely – and an administrative request is untimely if filed more than nine months after the levy.[7]  Rothkamm's administrative request was filed fourteen months after the levy.  Relying on the terms of the statutory scheme as this court has read it, the Government thus argues that her civil action is barred by § 6532(c)(1) because it was filed more than nine months after the levy.  Rothkamm counters that 26 U.S.C. § 7811(d) tolled the period of limitation for filing an administrative request while her application for TAS assistance was pending.  If this roughly five-and-a-half-month period is not counted, Rothkamm's administrative request was filed within nine months of the levy and triggered § 6532(c)(2), which, in turn, means that her civil suit was timely.

## II.

## A.

The majority agrees with Rothkamm, bedding its holding in the perceived "plain" language of 26 U.S.C. § 7811.  Two different subdivisions of § 7811 are relevant to this case: subdivision (b) and subdivision (d).  These subdivisions provide:

> **(b) Terms of a Taxpayer Assistance Order.**--The terms of a Taxpayer Assistance Order may require the Secretary within a specified time period--
>
> > (1) to release property of the taxpayer levied upon, or
> >
> > (2) to cease any action, take any action as permitted by law, or refrain from taking any action, with respect to the taxpayer under [chapters relating to collection, bankruptcy and receiverships, or discovery of liability and enforcement of title].

---

[7] *See United Sand & Gravel Contractors*, 624 F.2d at 735-36.

No. 14-31164

. . . .

**(d) Suspension of running of period of limitation.**--The running of any period of limitation with respect to any action described in subsection (b) shall be suspended for--

(1) the period beginning on the date of the taxpayer's application under subsection (a) and ending on the date of the National Taxpayer Advocate's decision with respect to such application, and

(2) any period specified by the National Taxpayer Advocate in a Taxpayer Assistance Order issued pursuant to such application.

In short, the majority holds that subsection (d) suspends the period of limitation for "any action described in subsection (b)" and subsection (b)(1) describes a wrongful levy action. That is, the period of limitation for filing an administrative request was tolled during the pendency of Rothkamm's application for a Taxpayer Assistance Order ("TAO"), and she can rely on § 6532(c)(2).

Appealing in its simplicity, this plain language argument does not survive closer scrutiny for it steps past critical language. Subsection (d) provides that an application for a TAO suspends the running of the period of limitation for "*action*[*s*] described in subsection (b)."[8] We should not assume that Congress's use of the word "action" was accidental. To the contrary, "[a] normal rule of statutory interpretation is that when Congress uses the same word in different parts of a statute, it intended each to carry the same meaning."[9] In this case, this rule dictates that "action" has the same meaning in subsection (b) that it does in subsection (d). That is, subdivision

---

[8] 26 U.S.C. § 7811(d) (emphasis added).

[9] *Little v. Shell Exploration & Prod. Co.*, 690 F.3d 282, 286 (5th Cir. 2012) (citing *Dep't of Revenue v. ACF Indus., Inc.*, 510 U.S. 332, 341-42 (1994)).

No. 14-31164

(d) suspends the period of limitation only for the suits and proceedings in subdivision (b) that Congress described using the word "action." Since Congress did not use the word "action" in subsection (b)(1), § 7811(d) did not toll the period of limitation for Rothkamm's wrongful levy claim – and her suit is untimely. The majority counters that this reading of § 7811 ignores that subsection (d) refers to all "action[s]" in subsection (b), not just those in subsection (b)(2). But this argument fails on its own terms; I contend only that subsection (b)(1) does not describe an "action," not that subsection (d) does not apply to, or embrace, subsection (b)(1). If Congress had intended to suspend the period of limitation for all *suits* or *proceedings* described in subsection (b), it could have used either of those words – but it chose not to do so.

If the language of § 7811 is not clear enough, the larger context and purpose of subdivision (d) eliminate any residual doubt that this is the proper interpretation.[10] Although it may seem inequitable that subsection (d) only suspends the period of limitations for actions brought by the IRS, this was a sensible choice given that TAS – the agency that issues TAOs – lacks the power to direct taxpayers to do anything. As a result, nothing prevents a taxpayer from pursuing other remedies while seeking a TAO. In fact, a TAO "is intended to supplement existing procedures if a taxpayer is about to suffer or is suffering a significant hardship," not "to be a substitute for an established administrative or judicial review procedure."[11] TAS can,

---

[10] Though the majority limits its analysis to the language of § 7811, "[t]his Court looks at the 'language of the statute as well as the design, object and policy in determining the plain meaning of a statute.'" *United States ex rel. Babalola v. Sharma*, 746 F.3d 157, 161 (5th Cir. 2014) (quoting *Hightower v. Tex. Hosp. Ass'n*, 65 F.3d 443, 448 (5th Cir. 1995)); *see also King v. St. Vincent's Hosp.*, 502 U.S. 215, 221 (1991) ("[A] statute is to be read as a whole, since the meaning of statutory language, plain or not, depends on context." (citation omitted)).

[11] 26 C.F.R. § 301.7811-1(b).

however, issue a TAO that bars the IRS from pursuing certain actions against a taxpayer.[12]  Subdivision (d) responds to the reality that a taxpayer can use a TAO to tie the enforcement arms of the IRS with a symmetry achieving result – limitation does not run against the Government while the TAO blocks access to enforcement.

The legislative history of § 7811 supports this view of subdivision (d). In the Conference Report adopting § 7811, the conferees provided only one example of the type of statute of limitation that would be suspended by subdivision (d): "the statute of limitation under sec. 6501 relating to the assessment or collection of tax."[13]  The limited case law interpreting § 7811 has similarly implied that subdivision (d) suspends the statute of limitations only for actions brought by the IRS.  Indeed, the three cases cited by the majority all group § 7811(d) along with "legal provisions scattered within the IRC [that] provide for the suspension of the ten (10) year collection process."[14] Other cases are in accord.[15]  The majority also acknowledges that the only

---

[12] 26 U.S.C. § 7811(b).

[13] 2 H.R. Rep. No. 100-1104, at 215 (1988) (Conf. Rep.); *see* I.R.S. Litigation Bulletin 360 (Sept. 1990), 1990 WL 1086174 ("The legislative history identifies the limitations period in section 6501 (assessment and collection of tax) as a statute subject to the suspension. Thus, we believe that only those statutes of limitation that would continue to run to the detriment of the Service when an application for a TAO is filed, are subject to the suspension.").

[14] *United States v. Carinos Ambulance Serv., Inc.*, 654 F. Supp. 2d 52, 59 (D.P.R. 2009); *see also In re Turner*, 182 B.R. 317, 329 (Bankr. N.D. Ala. 1995) ("All suspension provisions [including § 7811(d)] are designed and intended to avoid prejudice to the IRS's ability to collect during periods of time in which collection or assessment is prohibited by law [or otherwise impeded].."), *adhered to on reconsideration*, 195 B.R. 476 (Bankr. N.D. Ala. 1996); *In re Gore*, 182 B.R. 293, 304 (Bankr. N.D. Ala. 1995) (same).

[15] *See, e.g.*, *White v. Comm'r*, 899 F. Supp. 767, 773 (D. Mass. 1995) ("An application merely suspends the running of the period of limitations on collection."); *United States v. Johnson*, No. 2:12-CV-00097, 2013 WL 1403973, at *1 (S.D. Tex. Apr. 5, 2013) ("[The period of limitation on assessment] is also suspended during the time that a taxpayer applies for and obtains a decision on a Taxpayer Assistance Order."); *Next Generation Wireless, Ltd. v. United States*, No. 06-CV-838, 2008 WL 4115516 (S.D. Ohio Aug. 28, 2008) (considering only whether the application for a TAO extended the period of limitation for filing a wrongful levy claim under § 6532(c)(2) – and ignoring § 7811(d)); *Scheafnocker v. Comm'r*, 642 F.3d 428,

No. 14-31164

case somewhat on point – *Demes v. United States* – concludes that a plaintiff cannot use § 7811 to toll the statute of limitations.[16]  There is no reason to reach a different result here.[17]

B.

Any suggestion that this analysis turns subdivision (d) into a trap for the unwary is misplaced.  IRS Form 911 – which a taxpayer must complete to apply for TAS assistance – contains the following bolded note:  "The signing of this request allows the IRS by law to suspend any applicable statutory periods of limitation relating to the assessment or collection of taxes. *However*, it does not suspend any applicable periods for you to perform acts related to assessment or collection, such as petitioning the Tax Court for redetermination of a deficiency or requesting a Collection Due Process hearing."[18]  Rothkamm provides no explanation for why she ignored this warning.  There is also no reason to suspect that the TAS review process is designed to lull taxpayers into forfeiting their remedies against the IRS.  The statutory function of TAS is to "assist taxpayers in resolving problems with the Internal Revenue Service."[19]  On its website, TAS bills itself as "your voice at the IRS," and informs visitors that "TAS is here to protect your rights as a taxpayer, and help you with tax problems you can't resolve on your own."[20]  And twice a year, TAS submits reports to Congress full of scathing

---

441 (3d Cir. 2011) (per curiam) (Nygaard, J., concurring) (same), *vacated on other grounds*, No. 08-2655, 2012 WL 1854183 (3d Cir. Apr. 24, 2012).

[16] 52 Fed. Cl. 365, 373 (Fed. Cl. 2002).

[17] The majority also cites two treatises as support for its position.  Yet neither does anything more than beg the question by paraphrasing the language of § 7811(d).

[18] I.R.S. Form 911 (Feb. 2015), http://www.irs.gov/pub/irs-pdf/f911.pdf (emphasis added).

[19] 26 U.S.C. § 7803(c)(2)(A)(i).

[20] *See* Taxpayer Advoc. Serv.: Your Voice at the IRS, http://www.taxpayeradvocate.irs.gov (last visited Sept. 15, 2015).

No. 14-31164

criticism of the IRS and suggestions for how the IRS could improve.[21]  This is an agency that seeks to help taxpayers and apprise them of their rights, not trick them.[22]

Rothkamm also overstates the practical hardship of simultaneously pursuing other remedies while seeking a TAO.  Before taking the step of filing suit in federal court, a taxpayer like Rothkamm may submit an administrative request to the IRS for the return of any wrongfully levied property.[23]  This is not an onerous process; the taxpayer must submit a written request with the same information that she likely has already provided to TAS: (1) her name and address; (2) a description of the levied property; (3) a description of her basis for claiming an interest in the levied property; (4) the name and address of the person against whom the tax was assessed; (5) the IRS office that issued the levy; and (6) the date of levy.[24] The compilation of this basic information – which again, has likely already been compiled for TAS – is not the type of "hardship" that Congress created

---

[21] *See Reports to Congress*, Taxpayer Advoc. Serv.: Your Voice at the IRS, http://www.taxpayeradvocate.irs.gov/reports (last visited Sept. 15, 2015); *see also* 26 U.S.C. § 7803(c)(2)(A)(ii)-(iv) (requiring TAS to "identify areas in which taxpayers have problems in dealings with the Internal Revenue Service" and "propose changes to the administrative practices of the Internal Revenue Service" and "identify potential legislative changes" to mitigate these problems).

[22] Notably, Rothkamm has not argued that TAS did not inform her about the period of limitation for filing a wrongful levy action. *Cf., e.g.*, *Scheafnocker v. Comm'r*, 642 F.3d 428, 441 (3d Cir. 2011) (per curiam) (Nygaard, J., concurring) ("[I]n the Taxpayer Advocate's denial of Scheafnocker's original request for assistance, there was notice of her right to appeal to the District Court, along with a recitation of the statutes dictating the time-frame in which this appeal must be filed."), *vacated on other grounds*, No. 08-2655, 2012 WL 1854183 (3d Cir. Apr. 24, 2012); *Austin & Laurato, P.A. v. United States*, No. 8:12-cv-1648-T-17-AEP, 2012 WL 5907066, at *2 (M.D. Fla. Nov. 26, 2012) ("[T]he Taxpayer Advocate Service denied Plaintiffs' requested assistance and directed them to file a lawsuit."), *aff'd*, 539 F. App'x 957 (11th Cir. 2013).

[23] 26 U.S.C. § 6532(c)(2).

[24] I.R.S. Publication 4528 (Nov. 2007), http://www.irs.gov/pub/irs-pdf/p4528.pdf; *see also* 26 C.F.R. § 301.6343-2(b).

No. 14-31164

TAS to assuage.[25]  Moreover, Rothkamm did not even have to assume this minimal burden in this case.  After TAS closed her application for assistance in October 2012, Rothkamm still had two months to file an administrative request with the IRS before the period of limitation expired.[26]  She has never explained why she waited until May 2013 to seek relief.

## C.

The majority's efforts to save Rothkamm from her unexplained oversight may ultimately have a serious impact on the IRS's ability to collect on unpaid tax liabilities.  As the Supreme Court has recognized, "[t]he demand for greater haste when a third party contests a levy is no accident."[27] To the contrary, 26 U.S.C. § 7426(a)(1) has a short statute of limitations for an "obvious" reason: once "someone else successfully claims property already credited against the taxpayer's tax liability, the United States must look to other assets of the taxpayer to satisfy the taxpayer's liability."[28]  If these collateral disputes are not resolved swiftly, it is unlikely that there will be any other assets to levy.[29]  In *EC Term of Years Trust*, the Supreme Court relied on this reasoning in holding that taxpayers may not use the general tax-refund statute – which has a four-year statute of limitation – to challenge a wrongful levy.[30]  The Court concluded that a holding to the contrary would have fatally undermined "the levy statute's 9-month limitations period

---

[25] 26 U.S.C. § 7811(a)(2).

[26] *See Rothkamm v. United States*, No. 3:13-cv-00589-BAJ-RLB, 2014 WL 4986884, at *1 (M.D. La. Sept. 15, 2014).

[27] *EC Term of Years Trust v. United States*, 550 U.S. 429, 431-32 (2007).

[28] *United Sand & Gravel Contractors, Inc. v. United States*, 624 F.2d 733, 739 (5th Cir. 1980).

[29] *See id.*; *see also Becton Dickinson & Co. v. Wolckenhauer*, 215 F.3d 340, 351 (3d Cir. 2000) ("Were we to hold that section 6532(c) can be equitably tolled, we would delay the final disposition of competing claims in cases like this one and would jeopardize, perhaps even destroy, the IRS's ability to impose a levy on other assets owned by a delinquent taxpayer.").

[30] 550 U.S. at 433-36.

No. 14-31164

thought essential to the Government's tax collection."[31]  Yet the majority's interpretation of § 7811 ignores these concerns – and effectively extends the "9-month limitations period thought essential to the Government's tax collection."

The majority's interpretation may also hurt more taxpayers than it helps.  "The tax code is an intricate web and demands clear rules so that it may be administered with as little uncertainty as possible."[32]  The majority's holding, however, replaces the clarity of 26 U.S.C. § 6532(c) with a new tolling rule that stops and starts the nine-month period of limitation at indefinite dates.  This new system may prove confusing to taxpayers looking to calculate deadlines ahead of time.  Taxpayers who wait several months to file a request for TAS assistance, for instance, may have no warning until TAS actually denies their claim that they need to move quickly to preserve their rights.  There is also little indication that the current system is not working.  If a taxpayer wants to challenge an IRS levy on the merits without the full expense and effort of a federal suit, she can avail herself of what the Supreme Court has called "an effective and inexpensive" remedy – an administrative request for the return of the property.[33]  The TAS review process may be inexpensive and most effective in correcting clerical errors, such as misdescriptions of property.  It is not an avenue for resolution of legal issues.  Indeed, by law, TAS cannot "make a substantive determination of

---

[31] *Id.* at 434.

[32] *Sidell v. Comm'r*, 225 F.3d 103, 111 (1st Cir. 2000).

[33] *United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 728 (1988); *see also Raymond v. United States*, 983 F.2d 63, 66 (6th Cir. 1993) (agreeing that "the reason for extending the limitations period in cases where an administrative claim is filed is to give the Secretary ample opportunity to consider such a request on the merits before the matter comes before the courts"); *cf. Baddour, Inc. v. United States*, 802 F.2d 801, 808 (5th Cir. 1986) (concluding that the two available avenues for challenging a wrongful levy make it unnecessary "[t]o open up an entirely new avenue of relief").

No. 14-31164

any tax liability." It thus lacks the ability to help taxpayers like Rothkamm who raise complex legal questions.[34]  Perhaps this is why no court has found such a tolling as has been created here and there are only one or two reported cases in which a taxpayer has tried to invoke § 7811(d) as a basis for tolling – even though TAOs have been available since 1989.[35]  Our court should be wary of disrupting Congress's comprehensive and functional scheme for resolving wrongful levy claims to save one taxpayer.

## III.

But even if my construction of § 7811(d) is wrong, that does not change the outcome in this case.  "A statute of limitations requiring that a suit against the Government be brought within a certain period of time" – like § 7811(d) – represents a waiver of sovereign immunity.[36]  "When waiving the Government's sovereign immunity, Congress must speak unequivocally."[37]  This means that "[a]ny ambiguities in the statutory language are to be construed in favor of immunity, so that the Government's consent to be sued is never enlarged beyond what a fair reading of the text requires.  Ambiguity exists if there is a plausible interpretation of the statute that would not authorize money damages against the Government."[38]  Our court has held that the plaintiff bears the burden of showing that no such plausible interpretation exists.[39]

---

[34] 26 C.F.R. § 301.7811-1(b).

[35] Technical and Miscellaneous Revenue Act of 1988, Pub. L. No. 100-647, tit. VI, § 6230(d), 102 Stat. 3342, 3733-34.

[36] *United States v. Dalm*, 494 U.S. 596, 608 (1990); *see also Block v. North Dakota*, 461 U.S. 273, 287 (1983) ("When waiver legislation contains a statute of limitations, the limitations provision constitutes a condition on the waiver of sovereign immunity.").

[37] *F.A.A. v. Cooper*, 132 S. Ct. 1441, 1453 (2012).

[38] *Id.* at 1448 (citations omitted); *see also Freeman v. United States*, 556 F.3d 326, 334-35 (5th Cir. 2009).

[39] *See Freeman*, 556 F.3d at 334; *St. Tammany Parish ex rel. Davis v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 315 (5th Cir. 2009).

No. 14-31164

Rothkamm cannot meet this burden.  At the very least, there is a "plausible interpretation" of § 7811(d) "that would not authorize money damages against the Government."  The majority points to the Supreme Court's statement in *Cooper* that it has never required Congress to "state its intent in any particular way" or "use magic words" to waive sovereign immunity.[40]  But this statement only iterates the unremarkable proposition that Congress need not use the language "this statute waives the Government's sovereign immunity" to effectuate a waiver.  This acknowledgment did not dilute the insistence upon "an unmistakable statutory expression of congressional intent to waive the Government's immunity"[41] – indeed the Supreme Court upheld the immunity of the Government in *Cooper* on the basis of this very rule.[42]

Any ambiguity in § 7811(d) also creates another problem for Rothkamm.  Under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, we defer to an agency's "permissible construction" of an ambiguous statute.[43]  That is, if an agency issues a regulation interpreting an ambiguous provision of a statute, we defer to the agency's regulation as long as it represents a "permissible construction."  "An agency's interpretation is permissible if it is reasonable.  The question of reasonableness is not whether the agency's interpretation is the only possible interpretation or whether it is the most reasonable, merely whether it is reasonable *vel non*."[44]

---

[40] *Cooper*, 132 S. Ct. at 1448.

[41] *Id.*

[42] *See id.* at 1453.

[43] 467 U.S. 837, 843 (1984).

[44] *ConocoPhillips Co. v. U.S. E.P.A.*, 612 F.3d 822, 831 (5th Cir. 2010).

No. 14-31164

As noted by the majority, the IRS has issued a regulation that addresses the interpretation of § 7811(d).[45]  This regulation states that "[a] taxpayer's right to administrative or judicial review will not be diminished or expanded in any way as a result of the taxpayer's seeking assistance from TAS."[46]  Though this provision does not use the word "tolling," I disagree with the majority that it does not concern the issue before our court.  By its terms, this provision prevents taxpayers from expanding their right to administrative or judicial review – such as by extending the period of limitation – through seeking TAS assistance.  And contrary to the majority's suggestion, this correct statement of the law is not contradicted by the examples provided in the subdivision directly addressing tolling.  Though the majority reproduces these examples as support for its position, it fails to appreciate that all three concern the tolling of the *IRS's* period of limitation on collection – and not one applies subdivision (d) to a taxpayer's period of limitation.[47]  Even assuming § 7811(d) were ambiguous, we ought defer to the IRS's reasonable construction of this provision.[48]  I would do so.

## IV.

For the reasons above, I respectfully dissent.

---

[45] The Supreme Court has rejected the argument that tax regulations are entitled to less deference than other types of regulations.  *See Mayo Found. for Med. Educ. & Research v. United States*, 562 U.S. 44, 55-57 (2011).

[46] 26 C.F.R. § 301.7811-1(b).

[47] *Id.* § 301.7811-1(e)(3); *see* I.R.S. Program Manager Tech. Adv. Mem. 2007-429, at 4 (Mar. 9, 2001) (opining that the majority's expansive "interpretation [of § 7811(d)] would be inconsistent with the statutory language and inconsistent with the examples provided in the regulation").

[48] The IRS has also adopted this construction of § 7811(d) in various publications that are entitled to *Skidmore* deference.  *See* I.R.S. Manual 13.1.14.3 (Oct. 31, 2004) ("A signed Form 911 or written statement will suspend the running of limitations periods for assessment or collection of tax under IRC §6501 and §6502.  A Form 911 or written statement will not however, suspend the period of limitations for filing refund claims."); I.R.S. Litigation Bulletin 360, *supra*; I.R.S. Form 911, *supra*; I.R.S. Program Manager Tech. Adv. Mem. 2007-429, *supra*.