Fletcher H. HYLER, Petitioner— Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent— Appellee.

No. 03–71277.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 10, 2004.

Decided July 9, 2004.

14

Edward B. Simpson, Simpson & Gigounas, San Francisco, CA, for Petitioner–Appellant.

Charles S. Casazza, Clerk, B. John Williams, Jr., Shearman & Sterling, LLP, Eileen J. O'Connor, Bethany B. Hauser, U.S. Department of Justice, Washington, DC, Benjamin C. Sanchez, Regional Counsel, San Francisco, CA, for Respondent–Appellee.

Before O'SCANNLAIN, SILER,[*] and HAWKINS, Circuit Judges.

## MEMORANDUM[**]

Taxpayer Fletcher Hyler appeals the tax court's finding that the IRS properly mailed notices of deficiency for 1995 and 1997 to his "last known address," thereby allowing the IRS to enforce collection of the deficiencies. The tax court found that the address on his 1997 return, his last return before the notice mailings, was his "last known address." We review the tax court's findings for clear error. *See Williams v. Comm'r*, 935 F.2d 1066, 1068 (9th Cir.1991).

The IRS Commissioner "is entitled to treat the address appearing on a taxpayer's return as the last known in the absence of clear and concise notification from the taxpayer directing the Commissioner to use a different address." *King v. Comm'r*, 857 F.2d 676, 679 (9th Cir.1988) (quoting *Alta Sierra Vista, Inc. v. Comm'r*, 62 T.C. 367, 374, 1974 WL 2662 (1974)).

Hyler argues that the address on his 1997 return was not his "last known address" because his representative, Connie Stone, notified the IRS of a different address in September 1998 after he filed the 1997 return in August. The tax court, however, never found that Stone's notification came in September; rather, the tax court found that her notification came in August, just before Hyler filed the 1997 return. Because evidence in the record supports this finding, we conclude that the tax court did not clearly err in finding that the 1997 return was filed after any notification by Stone, and therefore represents Hyler's last known address.

Additionally, Hyler argues that his other subsequent dealings with the IRS listed a different address. However, "[c]orrespondence bearing an address different from that on the most recent return does not, by itself, constitute clear and concise notice. In order to supplant the address on his/her most recent return, the taxpayer must clearly indicate that the former address is no longer to be used." *Id.* at 681 (citations omitted). Hyler's subsequent dealings failed to provide clear and concise notice that the address from his 1997 return was no longer to be used.

AFFIRMED.

[*] The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.