NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

06-5002

NAILA M. QURESHI,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED:  September 6, 2006

_____

Before MICHEL, <u>Chief Judge</u>, PROST, <u>Circuit Judge</u>, and ELLIS, <u>District Judge</u>.[*]

PER CURIAM.

 Naila M. Qureshi appeals from a decision of the United States Court of Federal Claims finding that the government properly assessed her with $1,410 of additional tax liability for the 2002 tax year and dismissing her other claims for lack of jurisdiction. <u>Qureshi v. United States</u>, 67 Fed. Cl. 783 (2005).  We <u>affirm</u>.

---

 [*] Honorable T.S. Ellis, III, District Judge, United States District Court for the Eastern District of Virginia, sitting by designation.

BACKGROUND

Ms. Qureshi filed her tax return for 2002 claiming a refund of $3,744.01. The Internal Revenue Service ("IRS") conducted an audit of her return and determined that she was subject to the Alternative Minimum Tax which reduced the amount of her overpayment by $1,410.00, resulting in a refund of $2,334.01. See Qureshi, 67 Fed. Cl. at 784-85. Ms. Qureshi filed suit in the Court of Federal Claims for a refund of her overpayment, which she insisted was the entire $3,744. In addition, Ms. Qureshi's complaint sought interest on the overpayment and damages incurred by her as a result of the IRS's handling of her 2002 return.

Ms. Qureshi and the government filed cross-motions for summary judgment. In the government's motion, it conceded that it owed Ms. Qureshi $2,334 plus applicable interest.[1] Qureshi, 67 Fed. Cl. at 785. The court therefore determined that it had only two remaining issues before it: 1) whether the government properly calculated Ms. Qureshi's taxes, including the Alternative Minimum Tax, resulting in a reduction of her refund by $1,410; and 2) whether Ms. Qureshi was entitled to damages based on the IRS's handling of her tax return. On the Alternative Minimum Tax issue, the court granted the government's motion for summary judgment. Regarding the second issue, the court dismissed the claim for lack of jurisdiction. Having found for the government on these issues, the court entered a final judgment in favor of the defendant.

Ms. Qureshi appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

---

[1] The government now asserts that this portion of the overpayment has been refunded to Ms. Qureshi.

DISCUSSION

Ms. Qureshi argues that the Court of Federal Claims erred in both holdings: 1) in its calculation based on the Alternative Minimum Tax, and 2) that she could not recover damages due to the IRS's handling of her return. In addition, she argues that the court erred by not granting summary judgment in her favor when she and the government both filed motions for summary judgment. We address these arguments in turn.

With regard to the IRS's recalculation of her taxes, Ms. Qureshi first argues that she was not subject to the Alternative Minimum Tax because she chose not to deduct her state and local income taxes for 2002. We reject this argument. The Alternative Minimum Tax, described at 26 U.S.C. §§ 55-59, operates to provide a taxpayer with a "tentative minimum tax" for the taxable year. Ms. Qureshi's tentative minimum tax is based on her "alternative minimum taxable income" which equals her taxable income with certain adjustments. Her total tax due is solely based on this alternative minimum taxable income, which does not adjust for state and local income taxes. Therefore, the amount she owes due to the Alternative Minimum Tax, the "tentative minimum tax," in no way depends on whether she chose to take a deduction for state and local income taxes for purposes of computing her regular tax liability.

We next consider whether the IRS properly recalculated Ms. Qureshi's taxes for 2002 during its audit. The Court of Federal Claims found that this calculation complied with the applicable statutes, resulting in tentative minimum taxes of $7,969. The additional liability she owed was the difference between the tentative minimum tax ($7,969) and the amount of regular tax she reported as owing ($6,559), or $1,410. Ms. Qureshi has not raised any genuine issue of material fact that the IRS's calculations do

not properly reflect the taxes owed for her 2002 tax year.  We therefore affirm the Court of Federal Claims' grant of summary judgment in favor of the government.

Ms. Qureshi describes her other claims as dealing primarily "with the role of the Tax Payer Advocate Agency in serving as the intermediary for clarification regarding an audit process."  She states that the IRS failed to comply with the IRS Manual when an employee with the agency provided her with assistance regarding the audit process.  In that circumstance, she argues that 26 U.S.C. § 7811(a)(3) requires that any assistance provided by the IRS should favor her.  The statute relied on by Ms. Qureshi for this proposition, however, permits the National Taxpayer Advocate to issue a Taxpayer Assistance Order providing relief to a taxpayer upon a finding that the taxpayer "is suffering or about to suffer a significant hardship as a result of the manner in which the internal revenue laws are being administered by the Secretary."  Id. at § 7811(a)(1).  If an IRS employee is not following proper administrative guidance, the National Taxpayer Advocate is required to construe factors regarding whether to issue a Taxpayer Assistance Order in the manner most favorable to the taxpayer.  Id. at § 7811(a)(3).  Thus, the statute merely confers the IRS with discretion to provide a taxpayer with relief under certain circumstances.  See Demes v. United States, 52 Fed. Cl. 365, 373 (Ct. Cl. 2002).  In light of the discretion given the IRS to provide relief under 26 U.S.C. § 7811, we conclude that this provision does not aid Ms. Qureshi here.  Even if she was given incorrect information or an IRS employee failed to comply with the IRS Manual, the statute merely permits the IRS, at its discretion, to provide relief if the taxpayer is suffering significant hardship.  The IRS did not exercise that discretion here and it is unclear from the record whether Ms. Qureshi even applied for this form of relief.

06-5002                                                    4

Ms. Qureshi also argues that the violation of the IRS Manual resulted in a prolonged audit process with the IRS. Because her 2002 tax overpayment was withheld during this entire period, she claims she suffered immense hardship resulting in various injuries such as property losses due to rental foreclosures and inability to repay creditors resulting in poor credit scores. We agree with the Court of Federal Claims that it lacked jurisdiction to hear these tort claims.

Finally, Ms. Qureshi's complaint can be read to appeal the Court of Federal Claims' failure to grant summary judgment in her favor when her motion and the government's motion were filed at the same time. A motion for summary judgment is a request for the court to find that on certain issues, there is no genuine issue of material fact, such that a reasonable fact finder can only find for one party. The Court of Federal Claims granted the government's motion for summary judgment with respect to Ms. Qureshi's Alternative Minimum Tax claims. Further, the court found that it lacked jurisdiction over Ms. Qureshi's claims for damages due to the IRS's processing of her 2002 return. By resolving all of the issues in Ms. Qureshi's complaint, the trial court's opinion stands as an implicit rejection of Ms. Qureshi's summary judgment arguments. See Billings v. United States, 322 F.3d 1328, 1330 (Fed. Cir. 2003) (affirming implicit denial of motion for summary judgment).

Because we agree with the findings of the Court of Federal Claims granting summary judgment in favor of the government and implicitly denying Ms. Qureshi's motion for summary judgment, we affirm.

No costs.