W. EUGENE DAVIS, Circuit Judge:
Plaintiff-Appellant Kathryn Rothkamm and her husband filed separate tax returns. Rothkamm’s husband incurred a tax liability, and the IRS levied her account at a bank, which she asserts was her separate property. She initially sought a Taxpayer Assistance Order (“TAO”) through the Taxpayer Advocate Service but obtained no relief. She then filed an administrative claim and, when that was denied, filed this suit for wrongful levy. The IRS filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) on the ground that the suit was untimely under the applicable nine-month statute of *701 limitations and had not been tolled by her TAO application. The district court concluded that Rothkamm was not a “taxpayer” for purposes of the TAO statute, 26 U.S.C. § 7811, and that, even if she was, § 7811(d) would not toll the running of the statute of limitations in this case. Accordingly, the district court dismissed for lack of subject matter jurisdiction. Rothkamm appealed, arguing both that she is a “taxpayer” under section 7811 and that the nine-month statute of limitations was tolled by her TAO application. For the reasons set forth below, we agree on both grounds and therefore reverse and remand.
I. BACKGROUND
Plaintiff-Appellant Kathryn Rothkamm and Defendants-Appellees United States of American and the Internal Revenue Service (collectively the “Government” or “IRS”) agree on the relevant facts, as the district court set out below:
Rothkamm is the owner of a certificate of deposit maintained in an account at IberiaBank, located at 7325 Highland Road, Baton Rouge, Louisiana. On March 6, 2012 the Internal Revenue Service (“IRS”) issued to IberiaBank a Notice of Levy for Rothkamm’s account to satisfy certain tax liabilities of Kathryn’s husband, Chester J. Rothkamm, Jr. Thereafter, on April 18, 2012, Iberia-Bank remitted to the IRS the full contents of Rothkamm’s account, consisting of $73,360.41.
Less than two weeks later, on April 30, 2012, Rothkamm attempted to challenge the IRS’s levy by filing an application for assistance with the Taxpayer Advocate Service (“TAS”). On October 11, 2012, having determined that it “was unable to provide any assistance to [Rothkamm],” the TAS “closed” Roth-kamm’s case.
Still seeking relief, on May 15, 2013 Rothkamm filed with the IRS an administrative claim for wrongful levy pursuant to 26 U.S.C. § 6343(b). The IRS denied Rothkamm’s claim on July 1, 2013. Finally, on September 6, 2013, Rothkamm sued the IRS for wrongful levy in this Court, pursuant to 26 U.S.C. § 7426. On November 8, 2013, the Government filed the motion to dismiss that is the subject of this Order.[1]
Rothkamm filed this suit for wrongful levy under 26 U.S.C. § 7426(a)(1), which provides:
(1) Wrongful levy. — If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States. Such action may be brought without regard to whether such property has been surrendered to or sold by the Secretary.[2]
Section 7426(i) provides that the nine-month statute of limitations in 26 U.S.C. § 6532(c) applies; this period may be tolled by filing an administrative claim for return of the wrongfully levied property under 26 U.S.C. § 6343(b).[3]
As the district court explained, the IRS levied Rothkamm’s account on April 18, 2012. Thus, the general statute of limitations would have expired on January 18, 2013, absent any tolling. Rothkamm’s ad *702 ministrative wrongful levy claim, which she filed on May 15, 2013, would toll the running of the statute of limitations if filed within the statute of limitations. Thus, the core question is whether, as Rothkamm contends, the statute of limitations was tolled while her application for a TAO was pending before the TAS. If so, her administrative claim under § 6343(b) would also have been timely, and the statute of limitations for filing suit would have been suspended until January 1, 2014, months after this suit was filed on September 6, 2013.”[4] The district court summarized the key question and the parties’ arguments as follows:
To the extent that it is not already clear, the parties concede that the dispositive issue is whether Rothkamm’s April 30, 2012 application for assistance to the TAS tolled the 9-month period of limitations for filing her wrongful levy suit. Rothkamm insists that her application to the TAS stopped the clock on her wrongful levy claim because she “is able to use the suspension of the statute of limitations provided by [26 U.S.C. § ] 7811(d).” The Government disagrees, arguing: (1) 26 U.S.C. affords relief to “taxpayer[s]” and, as it relates to this case, Rothkamm “is not a taxpayer under any definition because she was not subject to a tax”; and (2), even if Roth-kamm is a taxpayer within the meaning of section 7811, she is not entitled to tolling pursuant to section 7811(d) because “the suspensions of the statute of limitations periods [described there] are for IRS actions, not taxpayer [actions][.]”[5]
The district court therefore concluded that Rothkamm was not a “taxpayer” for purposes of the TAO statute, 26 U.S.C. § 7811, and even if she was, the statute could not toll the running of the statute of limitations.[6] Thus, the district court concluded that it had no subject matter jurisdiction to hear Rothkamm’s claim against the IRS, granted the IRS’s motion to dismiss, and dismissed Rothkamm’s suit with prejudice. Rothkamm appealed.
II. Standard of Review
We review the district court’s dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) de novo.[7] The central question is whether Congress intended to waive sovereign immunity under these particular circumstances. The Supreme Court has “said on many occasions that a waiver of sovereign immunity must be ‘unequivocally expressed’ in statutory text.”[8]
Legislative history cannot supply a waiver that is not clearly evident from the language of the statute. Any ambiguities in the statutory language are to be construed in favor of immunity ... so that the Government’s consent to be sued is never enlarged beyond what a fair reading of the text requires. Ambiguity exists if there is a plausible interpretation of the statute that would not authorize money damages against the Government.[9]
Nevertheless,
Although this canon of interpretation requires an unmistakable statutory ex *703 pression of congressional intent to waive the Government’s immunity, Congress need not state its intent in any particular way. We have never required that Congress use magic words. To the contrary, we have observed that the sovereign immunity canon “is a tool for interpreting the law” and that it does not “displace] the other traditional tools of statutory construction.” Richlin Security Service Co. v. Chertoff, 553 U.S. 571, 589, 128 S.Ct. 2007, 170 L.Ed.2d 960 (2008). What we thus require is that the scope of Congress’ waiver be clearly discernable from the statutory text in light of traditional interpretive tools. If it is not, then we take the interpretation most favorable to the Government.[10]
In this case, we conclude the district court erred in determining the definition of “taxpayer” under § 7811 by failing to supply the Internal Revenue Code’s generally applicable definition set out in § 7701; and the court further erred in its interpretation of § 7811(d)’s tolling provision by failing to follow the plain language of the statute and associated regulations.
III. Analysis
A. Applicable Law
Resolution of this appeal turns on the TAO statute, 26 U.S.C. § 7811, which generally provides:
(a) Authority to issue.—
(1) In general.- — -Upon application filed by a taxpayer with the Office of the Taxpayer Advocate (in such form, manner, and at such time as the Secretary shall by regulations prescribe), the National Taxpayer Advocate may issue a Taxpayer Assistance Order if—
(A) the National Taxpayer Advocate determines the taxpayer is suffering or about to suffer a- significant hardship [as defined in § 7811(a)(2) ] as a result of the manner in which the internal revenue laws are being administered by the Secretary; or
(B) the taxpayer meets such other requirements as are set forth in regulations prescribed by the Secretary.[11]
Among other things, the statute provides for tolling of statutes of limitations during the pendency of an application for a TAO under certain circumstances; those provisions are discussed below.
The IRS has issued regulations for section 7811, found in 26 C.F.R. § 301.7811-1. Our interpretation is guided by the Supreme Court’s two-step test set out in Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984):
When a court reviews an agency’s construction of the statute which it administers, it is confronted with two questions. First, always, is the question whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress. If, however, the court determines Congress has not directly addressed the precise question at issue, the court does not simply impose its own construction on the statute, as would be necessary in the absence of an administrative interpretation. Rather, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency’s answer is based on a permissible construction of the statute.[12]
*704 In this case, not only is the language of the Internal Revenue Code clear and unambiguous and thus controlling, but the associated regulations are in accord with the statute.
B. Rothkamm Is a “Taxpayer” under Section 7811.
The district court concluded that Roth-kamm cannot be a “taxpayer” under section 7811, reasoning as follows:
The Court is persuaded by the Government’s position and determines that Rothkamm’s application for assistance to the TAS did not toll the 9-month period of limitations for filing her wrongful levy suit. First, the Court observes that the function of the TAS is to “assist taxpayers in resolving problems with the Internal Revenue Service.” 26 U.S.C. § 7803(c)(2)(A)(i) (emphasis added); see Hyler v. C.I.R., 84 T.C.M. (CCH) 717 (T.C.2002), aff'd 104 Fed.Appx. 13 (9th Cir.2004). Despite her protests to the contrary, it is far from clear whether Rothkamm — a wrongful levy claimant— is a “taxpayer” within the meaning of the relevant statutes. See 26 U.S.C. §§ 7803(c), 7811; compare United States v. Williams, 514 U.S. 527, 535-36, 115 S.Ct. 1611, 131 L.Ed.2d 608 (1995) (holding that a party who, though not assessed a tax, paid a tax under protest to remove a federal tax lien from her property was a “taxpayer” entitled to bring administrative tax refund claim), with EC Term of Years Trust v. United States, 550 U.S. 429, 435 n. 4, 127 S.Ct. 1763, 167 L.Ed.2d 729 (2007) (“It has been commonly understood that Williams did not extend § 1346(a)(1) to parties in the [wrongful levy claimant’s] position.”); see also Wagner v. United States, 545 F.3d 298, 303 (5th Cir.2008).[13]
The district court erred by assuming, without saying so, that the term “taxpayer” is either undefined in the TAO statute, § 7811, or that it is defined narrowly to mean only the person against whom a tax is assessed. In fact, the Internal Revenue Code supplies a default definition of “taxpayer” for all of Title 26 which is broad enough to include Roth-kamm in these circumstances. Section 7701 of the Internal Revenue Code, 26 U.S.C. § 7701, provides, in relevant part:
(a) When used in this title, where not otherwise distinctly expressed or manifestly incompatible with the intent thereof — ...
(14) Taxpayer. — The term “taxpayer” means any person subject to any internal revenue tax.[14]
Although the district court cited Williams, it failed to apply it propeVly. In Williams, the question was whether the plaintiff, Lori Williams, “who paid a tax under protest to remove a lien on her property, ha[d] standing to bring a refund action under 28 U.S.C. § 1346(a)(1), even though the tax she paid was assessed against a third party.”[15] Section 1346(a)(1) authorized “[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected.” The Government argued that “[u]nder 26 U.S.C. § 7422, a party may not bring a refund action without first exhausting administrative remedies; under 26 U.S.C. § 6511, only a ‘taxpayer’ may exhaust; under 26 U.S.C. § 7701(a)(14), Williams is not a taxpayer.”[16]
The Government argued that because “taxpayer” was not defined in § 6511 to *705 mean “person who paid the tax,” the definition of “taxpayer” must be supplied by the Internal Revenue Code’s general definition set out in § 7701(a)(14), which the Government asserted narrowly meant only the person against whom a tax was assessed.[17] The Supreme Court disagreed, explaining that § 7701(a)(14)’s definition of “taxpayer,” which is generally applicable to the entire Internal Revenue Code, is broad enough to include a person who pays a tax assessed against another:
Section 7701(a)(14), defining “taxpayer,” informs us that “[w]hen used in [the Internal Revenue Code], where not otherwise distinctly expressed or manifestly incompatible with the intent thereof, ... [t]he term ‘taxpayer’ means any person subject to any internal revenue tax.” That definition does not exclude Williams. The Government reads the definition as if it said “any person who is assessed any internal revenue tax,” but these are not Congress’ words. The general phrase “subject to” is broader than the specific phrase “assessed” and, in the tax collection context before us, we think it is broad enough to include Williams. In placing a hen on her home and then accepting her tax payment under protest, the Government surely subjected Williams to a tax, even though she was not the assessed party.[18]
In rejecting the Government’s argument concerning one of its prior cases which did not concern the Internal Revenue Code, the Court noted that, if that case “is relevant at all, it shows our preference for commonsense inquiries over formalism — a preference that works against the Government’s technical argument in this case.”[19] Because the Court concluded ' that § 7701(a)(14)’s definition of “taxpayer” encompassed Williams, it held that Williams was a “taxpayer” for purposes of § 6511 and therefore was entitled to exhaust her administrative remedies, a prerequisite to suit under § 1346(a)(1), which did not itself use the word “taxpayer.” The Court ultimately concluded that § 1346(a)(1) authorized Williams to sue the government to obtain a refund of the wrongfully collected taxes, reasoning that her claim fell under the broad terms of § 1346(a)(1) and did not give rise to relief under any other more specific statute.[20]
Following Williams, Congress did not revise § 7701(a)(14), so the Supreme Court’s interpretation stands. Thus, under § 7701(a)(14), the word “taxpayer” means not only the person against whom a tax is assessed .(here, Rothkamm’s husband) but also the person who actually pays the tax (here, Rothkamm herself). Pursuant to § 7701(a), that definition applies throughout Title 26 “where not otherwise distinctly expressed or manifestly incompatible with the intent thereof.”
The district court in its order and the IRS in its brief on appeal cited EC Term of Years Trust v. United States, 550 U.S. 429, 127 S.Ct. 1763, 167 L.Ed.2d 729 (2007), apparently for the proposition that the definition of. “taxpayer” is somehow limited to the person against whom the tax is assessed in the wrongful levy context.[21] *706 That is not what that case says, however. In EC Term of Years Trust, the plaintiff, a trust, sued to recover property which it claimed had been wrongfully levied by the Government. The question was not whether a person in the trust’s position could be a “taxpayer” under § 7701(a)(14). Indeed, the Williams court had already held that “subject to” in § 7701(a)(14) means someone who has actually paid a tax assessed against another, so the trust would meet that definition.
Rather, EC Term of Years Trust concerned the proper remedy (and thus statute of limitations) for a third-party payer (i.e., not the assessed taxpayer) who had paid the tax because of a wrongful levy.[22] The trust had filed suit under § 1346(a)(1), the same general statute the third-party “taxpayer” had used in Williams to obtain a refund of the wrongfully paid tax. The Government argued that the claim was required to be brought under a more specific statute enacted after Williams, 26 U.S.C. § 7426(a)(1) (the same statute under which Rothkamm sued in this case), which provided at the time: “If a levy has been made on property ... any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in ... such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court.”[23] If the trust could bring suit under § 1346(a)(1), its suit would be timely, but it would be time-barred under § 7426(a)(l)’s stricter nine-month statute of limitations.
The Supreme Court noted that the difference was that the plaintiff in Williams had no means of obtaining relief other than suing under the general statute, § 1346; whereas Congress had later enacted specific relief for parties in the same position as the trust, § 7426, which carried a much shorter nine-month statute of limitations. More fully:
The Trust argues that in United States v. Williams, 514 U.S. 527, 115 S.Ct. 1611, 131 L.Ed.2d 608 (1995), we construed the general jurisdictional grant of § 1346(a)(1) expansively enough to cover third parties’ wrongful levy claims. So, according to the Trust, treating § 7426(a)(1) as the exclusive avenue for these claims would amount to a disfavored holding that § 7426(a)(1) implicitly repealed the pre-existing jurisdictional grant of § 1346(a)(1). See Radzanower v. Touche Ross & Co., 426 U.S. 148, 96 S.Ct. 1989, 48 L.Ed.2d 540 (1976); Morton v. Mancari, 417 U.S. 535, 94 S.Ct. 2474, 41 L.Ed.2d 290 (1974).
But the Trust reads Williams too broadly. Although we decided that § 1346(a)(1) authorizes a tax-refund claim by a third party whose property was subjected to an allegedly wrongful tax lien, we so held on the specific understanding that no other remedy, not even a timely claim under § 7426(a)(1), was open to the plaintiff in that case. See Williams, supra, at 536-538, 115 S.Ct. 1611. Here, on the contrary, the Trust challenges a levy, not a lien, and could have made a timely claim under § 7426(a)(1) for the relief it now seeks under § 1346(a)(1).[24]
The Court further explained that by enacting § 7426(a)(1), Congress had impliedly repealed § 1346(a)(1) with respect to taxpayers in the trust’s position.[25]
Nothing in EC Term of Years Trust concerned the definition of “taxpayer” *707 found in § 7701(a)(14). The Court did not cite the statute or discuss its definition because it was not necessary for resolution of the case. Section 7426(a)(1) is not written in terms of “taxpayer” versus “non-taxpayer” but applies to “any person (other than the person against whom is assessed the tax out of which such levy arose)” whose property was wrongfully levied to pay a tax. Such a person is unquestionably “subject ,to” the tax and therefore is a “taxpayer” under § 7701(a)(14), but that definition has nothing to do with the issue presented in EC Term of Years Trust: whether such a person may still file suit under § 1346(a)(1) or must file suit under the more specific statute, § 7426(a)(1).
All of which is to say that Williams defined “taxpayer” broadly under § 7701(a)(14) to include not only the assessed taxpayer but also a person who actually pays the tax, and EC Term of Years Trust did nothing to alter that definition. It simply held that a third-party (relative to the assessed taxpayer) whose property is wrongfully levied must bring suit under § 7426(a)(1) rather than § 1346(a)(1) because § 7426(a)(1) specifically covers that situation. In this case, Rothkamm brought suit under § 7426(a)(1) and has always conceded that the nine-month statute of limitations applies to her case.
The question here is whether Rothkamm is a “taxpayer” under the TAO statute, § 7811, such that she could even apply for a TAO in the first place and potentially toll the running of the statute of limitations under § 7811(d), as discussed in the next part. Because, under Williams, she is a “taxpayer” under the default definition set out under § 7701(a)(14), we must determine ' whether the TAO statute, § 7811, and the statute creating the Office of the Taxpayer Advocate, § 7803, “distinctly express” a definition of “taxpayer” that is different from or somehow “manifestly incompatible” with the default definition set out in § 7701(a)(14).
In establishing the Office of the Taxpayer Advocate in § 7803(c), Congress set out the Office’s general functions as follows:
(A) In general. — It shall be the function of the Office of the Taxpayer Advocate to—
(i) assist taxpayers in resolving problems with the Internal Revenue Service;
(ii) identify areas in which taxpayers have problems in dealings with the Internal Revenue Service;
(iii) to the extent possible, propose changes in the administrative practices of the Internal Revenue Service to mitigate problems identified under clause (ii); and
(iv) identify potential legislative changes which may be appropriate to mitigate such problems.[26]
The other provisions are similarly broad. It is significant that nowhere in § 7803 did Congress “specifically express” a definition of “taxpayer” more limited than the one set out in § 7701(a)(14), and nothing in the statute suggests that § 7701(a)(14)’s broad definition of “taxpayer” is “manifestly incompatible” with the functions of the Office of the Taxpayer Advocate. If the purpose of the office is to assist taxpayers in resolving their problems with the IRS, it is difficult to say that a taxpayer who actually pays a tax assessed against someone else should be treated worse than the person against whom it is assessed, absent any statutory language saying so. Indeed, § 7803 has been amended a few times since Williams was decided in 1995, and Congress has not redefined “taxpayer” more narrowly.
*708 Similarly, the statute governing TAOs, § 7811, neither “specifically expresses” a more limited definition of “taxpayer” nor is “manifestly incompatible” with § 7701(a)(14)’s broad definition. Most notably, § 7811(a)(1) provides:
(a) Authority to issue.—
(1) In general. — Upon application filed by a taxpayer with the Office of the Taxpayer Advocate (in such form, manner, and at such time as the Secretary shall by regulations prescribe), the National Taxpayer Advocate may issue a Taxpayer Assistance Order if—
(A) the National Taxpayer Advocate determines the taxpayer is suffering or about to suffer a significant hardship as a result of the manner in which the internal revenue laws are being administered by the Secretary; or
(B) the taxpayer meets such other requirements as are set forth in regulations prescribed by the Secretary.[27]
Again, nothing in the statute suggests a definition of “taxpayer” other than the default definition supplied by § 7701(a)(14). Because the statute is clear, we must conclude that the § 7701(a)(14) definition of “taxpayer” applies. The associated regulations also do not “specifically express” a more narrow definition of “taxpayer.”[28] Indeed, at least four of the ten example situations set out in the regulations, all concerning wrongful levies, are written without specifying whether the TAO applicant is an assessed taxpayer or a third-party taxpayer who pays the tax assessed to another.[29] In short, neither the statutes (§§ 7803 and 7811) nor the regulations are “manifestly incompatible” with § 7701(a)(14)’s broad definition of “taxpayer.” Thus, the district court erred in holding that Rothkamm is not a “taxpayer” under § 7811.
We now turn to the question of whether § 7811(d) tolled the running of the statute of limitations when Rothkamm filed her TAO application.
C. Section 7811 Provides for Tolling under These Circumstances.
Although the district court concluded that Rothkamm was not a “taxpayer” under § 7811 and therefore could not avail herself of the TAO scheme in the first place, it ruled, in the alternative, that the statute would not allow tolling under these circumstances even if she were a “taxpayer”:
But even if the Court assumes for sake of argument that Rothkamm is a taxpayer within the meaning of 26 U.S.C. § 7811, she still cannot prevail because a plain reading of section 7811(d) shows that the time periods tolled relate to actions available to the IRS, not actions available to the taxpayer. See 26 U.S.C. § 7811(c), (d). This conclusion is reinforced by the relevant administrative regulations, which state unequivocally: “A taxpayer’s right to administrative or judicial review will not be ... expanded in any way as a result of the taxpayer’s seeking assistance from TAS.” 26 C.F.R. § 301.7811-1 (emphasis added); see Demes v. United States, 52 Fed.Cl. 365, 373 (Fed.Cl.2002) (“I.R.C. § 7811(a).... does not go to the tolling of the statute of limitations in court, but rather confers the IRS with discretion to effect tolling *709 upon a taxpayer’s request. Plaintiffs therefore cannot sue in a court for a refund under this provision, nor can the court use it as a basis to toll the statute of limitations in plaintiffs’ case:” (emphasis added)); cf. Qureshi v. United States, 200 Fed.Appx. 973, 975 (Fed.Cir.2006) (unpublished but persuasive) (“[I.R.C. § 7811(a) ] merely confers the IRS with discretion to provide a taxpayer with relief under certain circumstances.”).[30]
We conclude the district court erred because the plain language of the statute (and the associated regulations) provides for tolling in this situation.
1. The Plain Language of Section 7811 Provides for Tolling Here.
Section 7811(a) provides that the “National Taxpayer Advocate may issue a Taxpayer Assistance Order” under appropriate circumstances. Section 7811(b) provides:
(b) Terms of a Taxpayer Assistance Order. — The terms of a Taxpayer Assistance Order may require the Secretary within a specified time period—
(1) to release property of the taxpayer levied upon, or
(2) to cease any action, take any action as permitted by law, or refrain from taking any action, with respect to the taxpayer under—
(A) chapter 64 (relating to collection),
(B) subchapter B of chapter 70 (relating to bankruptcy and receiver-ships),
(C) chapter 78 (relating to discovery of liability and enforcement of title), or
(D)any other provision of law which is specifically described by the National Taxpayer Advocate in such order.[31]
Section 7811(d) provides:
(d) Suspension of running of period of limitation.-The running of any period of limitation with respect to any action described in subsection (b) shall be suspended for-
(1) the period beginning on the date of the taxpayer’s application under subsection (a) and ending on the date of the National Taxpayer Advocate’s decision with respect to such application, and
(2) any period specified by the National Taxpayer Advocate in a Taxpayer Assistance Order issued pursuant to such application.[32]
By its plain terms, § 7811(d)(1) applies to toll the running of any statute of limitations, for any action described in § 7811(b) from the time the taxpayer files an application for the optional TAO until a decision is reached. Section 7811(d)(1) does not require that a TAO actually be issued or that any relief be granted. It simply provides that any statute of limitation for an action described in subsection (b) is tolled from the time an application is filed until the National Taxpayer Advocate reaches a decision.
It is plain from the language of the statute that because subsection (d) applies to all of subsection (b), it benefits both the IRS and the taxpayer, essentially pausing the running of the statutes of limitations applicable to both parties so that neither one is prejudiced by the TAO process. For instance, subsection (d), through subsection (b)(2)(A), tolls the statute of limitations for collection actions by the IRS, *710 meaning the IRS does not lose any time to pursue collections when a taxpayer pursues a TAO. Likewise, subsection (d), through subsection (b)(1), tolls the statute of limitations for actions “to release property of the taxpayer levied upon.” By definition, such an action is one by the taxpayer, and any tolling on such an action necessarily benefits the taxpayer. (It is also, of course, precisely the action at issue in this case.) Thus, the taxpayer may pursue a TAO without fear that the process — which Congress expressly designed to assist taxpayers — will prejudice her administrative or judicial rights in the event she does not obtain TAO relief. Subsection (d)’s plain language means that neither the IRS nor the taxpayer is any worse off when a taxpayer decides to pursue TAO relief because all relevant statutes of limitations are tolled. Under the plain terms of the statute, this tolling occurs automatically until the National Taxpayer Advocate reaches a decision on the TAO application, without regard to any discretion on the part of the IRS.
Several cases and secondary authorities, tracking the language of § 7811(d) confirm that the statute of limitations is tolled during the pendency of an application for a TAO, with no reference to any exception or any discretion on the part of the IRS to allow or disallow the tolling. See United States v. Carinos Ambulance Serv., Inc., 654 F.Supp.2d 52, 59-60 (D.P.R.2009) (noting that the statute of limitations under 26 U.S.C. § 6502 is tolled from “the date the taxpayer submits Form 911 (Application for Taxpayer Assistance Order) until the date when the National Taxpayer Advocate decides with regards to the submitted application, (26 U.S.C. § 7811(d)(1))”); In re Turner, 182 B.R. 317, 329 (Bankr.N.D.Ala.1995), adhered to on reconsideration, 195 B.R. 476 (Bankr.N.D.Ala.1996) (noting that the statutes of limitation under 26 U.S.C. §§ 6501(c)(4) and 6502(a) “are suspended when the taxpayer files an application for a Taxpayer Assistance Order, and do not resume until the IRS’s Taxpayer Ombudsman makes a decision on the taxpayer’s application.” (citing § 7811(d))); In re Gore, 182 B.R. 293, 304 (Bankr.N.D.Ala.1995) (same); 20A Federal Procedure, Lawyers Edition § 48:1497 (“The running of any period of limitation with respect to any action for the issuance of a taxpayer assistance order will be suspended for: (1) the period beginning on the date of the taxpayer’s application for taxpayer assistance and ending on the date of the National Taxpayer Advocate’s decision with respect to such application....”); 34 Am.Jur.2d Federal Taxation ¶ 70627 (“The running of any limitations period ... with respect to any action related to TAO ... is suspended for (a) the period beginning on the date of the taxpayer’s application for the TAO and ending on the date of the National Taxpayer Advocate’s decision on the application.... ” (footnote omitted)).
Here, Rothkamm filed an application for a TAO for return of property subject to a wrongful levy, which is one of the proper subjects of a TAO under § 7811(b). Under the plain terms of § 7811(d)(1), “[t]he running of any period of limitation with respect” to' that wrongful levy action was tolled from the time she filed her application until the time a decision was made on it. The nine-month statute of limitations for an action under § 7426(a) certainly qualifies as “any period of limitation” for a wrongful levy action, so it was tolled until a decision was made on her TAO application. Because her claim was tolled while she pursued the TAO, her later administrative wrongful levy claim under § 6343(b) was timely and, in turn, tolled her claim so that this suit was timely.
2. There Is No Controlling Support for the District Court’s Conclusion.
In agreeing with the IRS’s argument that “a plain reading of section 7811(d) *711 shows that the time periods tolled relate to actions available to the IRS, not actions available to the taxpayer,” the district court did not discuss the language of § 7811(d) itself, and the sources it cited cannot change the fact that the plain language of the statute provides for automatic tolling from the time the TAO application is filed until a decision is reached. In addition to citing § 7811(d), the district court cited § 7811(c), which provides:
(c) Authority to modify or rescind.— Any Taxpayer Assistance Order issued by the National Taxpayer Advocate under this section may be modified or rescinded—
(1) only by the National Taxpayer Advocate, the Commissioner of Internal Revenue, or the Deputy Commissioner of Internal Revenue, and
(2) only if a written explanation of the reasons for the modification or rescission is provided to the National Taxpayer Advocate.[33]
Section 7811(c) has nothing to do with tolling. Indeed, § 7811(c) only applies once a TAO has actually been issued, whereas § 7811(d) applies to toll the statute of limitations up to the point a decision is reached, either to issue a TAO or deny relief. Thus, the provision is irrelevant here.
The district court also quoted the following sentence from 26 C.F.R. § 301.7811-1(b): “A taxpayer’s right to administrative or judicial review will not be diminished or expanded in any way as a result of the taxpayer’s seeking assistance from TAS.” There are two problems with the district court’s reliance on that sentence. First, under Chevron, if the language of the statute, § 7811(d), clearly provides for tolling (i.e., a waiver of sovereign immunity), then that ends the inquiry. The regulation cannot alter what Congress has clearly set out in the statute. Second, the sentence in the regulation the district court quotes comes from a subsection generally discussing TAOs and says nothing specifically about tolling:
(b) Generally. A TAO is an order by the NTA to the IRS. The IRS will comply with a TAO unless it is appealed and then modified or rescinded by the NTA, the Commissioner, or the Deputy Commissioner. If a TAO is modified or rescinded by the Commissioner or the Deputy Commissioner, a written explanation of the reasons for the modification or rescission must be .provided to the NTA. The NTA may not make a substantive determination of any tax liability. A TAO is also not intended to be a substitute for an established administrative or judicial review procedure, but rather is intended to supplement existing procedures if a taxpayer is about to suffer or is suffering a significant hardship. A request for a TAO shall be made on a Form 911, “Request for Taxpayer Advocate Service Assistance (And Application for Taxpayer Assistance Order)” (or other specified form) or in a written statement that provides sufficient information for the Taxpayer Advocate Service (TAS) to determine the nature of the harm or the need for assistance. A taxpayer’s right to administrative or judicial review will not be diminished or expanded in any way as a result of the taxpayer’s seeking assistance from TAS.[34]
It is clear from the context that the concluding sentence does not concern tolling. However, 26 C.F.R. § 301.7811-l(e), part of the same regulation, does address tolling and tracks the provisions of § 7811(d). Both the relevant language of section 301.7811-l(e) and the associated *712 examples show that the running of the statute of limitations is tolled until a decision on the TAO application is reached. Importantly, this specific subsection on tolling says nothing about tolling being subject to the IRS’s discretion. Rather, the regulation notes that the Ombudsman (i.e., the representative of the Office of the Taxpayer Advocate, not the IRS) has the authority to lengthen — but not shorten-the period of tolling beyond the decision date:
(e) Suspension of statutes of limitations — (1) In general. The running of the applicable period of limitations for any action which is the subject of a taxpayer assistance order shall be suspended for the period beginning on the date the Ombudsman receives an application for a taxpayer assistance order in the form, manner, and time specified in paragraph (b) of this section and ending on the date on which the Ombudsman makes a determination with respect to the application, and for any additional period specified by the Ombudsman in an order issued pursuant to a taxpayer’s application. For the purpose of computing the period suspended, all calendar days except the date of receipt of the application shall be included.
(2) Date of decision. The “date on which the Ombudsman makes a decision with respect to the application” is the date on which the taxpayer’s request for a taxpayer assistance order is denied, or agreement is reached with the involved function of the Service, or a taxpayer assistance order is issued (except that when the taxpayer assistance order is reviewed by an official who may modify or rescind the taxpayer assistance order as provided in paragraph (d) of this section, the decision date is the date on which such review is completed).
(3) Periods suspended. The periods of limitations which are suspended under section 7811(d) are those which apply to the taxable periods to which the application for a taxpayer assistance order relate or the taxable periods specifically indicated in the terms of a taxpayer assistance order.
Example 1. On August 31, 1989, the Internal Revenue Service levies on funds in the taxpayer’s checking account. On September 1, 1989 (at which time 7 months remain before the period of limitations on collection after assessment will expire on April 1, 1990) the Ombudsman receives the taxpayer’s written application for a taxpayer assistance order. Subsequently, on September 6, 1989, the Ombudsman determines that the levy has caused a significant hardship and the Internal Revenue Service function which served the levy agrees to release the levy. The levy is released. As a result of the application and the decision by the Ombudsman and the involved function of the Service resolving the hardship, the statute of limitations on collection after assessment is suspended from the date the Ombudsman received the application, September 1, 1989, until the date on which the decision was made to release the levy, September 6, 1989. Therefore, the statute of limitations on collection after assessment will not expire until after April 6, 1990, which is 7 months plus 5 days after the date on which the application for a taxpayer assistance order was received by the Ombudsman.
Example 2. The facts are the same as in example 1 except that the Internal Revenue Service function which served the levy does not agree to release the levy, and the Ombudsman, having made a determination that the levy is causing á significant hardship, issues a taxpayer assistance order on September 6, 1989, in which the levy is ordered to be released and specifies that the statute of limitations on collection after assessment *713 is suspended foi an additional 15 days. The period of limitations on collection after assessment will therefore not expire until after April 21, 1990, which is 7 months and 20 days (5 days plus 15 days) after the application for the taxpayer assistance order was received by the Ombudsman.
Example 3. The facts are the same as in example 2 except that the Ombudsman does not specifically suspend the statute of limitations on collection after assessment for an additional number of days in the taxpayer assistance order, but rather the function seeks modification or rescission of the taxpayer assistance order and the appropriate official charged with that responsibility completes his consideration of the assistance order on September 8, 1989. The period of limitations on collection after assessment will therefore not expire until after April 8, 1990, which is 7 months and 7 days after the application for the taxpayer assistance order was received by the Ombudsman.[35]
Thus, the regulations associated with § 7811(d) do not make the tolling subject to the IRS’s discretion. The only discretion granted under 26 C.F.R. § 301.7811-1(e) is granted to the Ombudsman in the Office of the Taxpayer Advocate, and even then only to toll the statute of limitations beyond the decision date. This precludes the argument that the IRS itself has the discretion to grant or deny tolling.
The caselaw cited by the district court in support of its conclusion is not binding and is, at any rate, deeply flawed. Most notably, the district court relied on Demes v. United States, 52 Fed.Cl. 365, 373 (Fed.Cl.2002), which indeed concluded that the IRS has discretion to effect tolling on the taxpayer’s behalf. The problem is that the Demes court cited no relevant support for that conclusion. The only authorities it cited — 26 U.S.C. § 7811(a), 26 C.F.R. § 301.7811-l(c)(3), and Inman v. Comm’r, 871 F.Supp. 1275 (E.D.Ca.1994) — say nothing about tolling.[36] Remarkably, the Demes court did not address either § 7811(d) or 26 C.F.R. § 301.7811-l(e), which actually establish the tolling rules.[37] Because Demes provided no viable support for its conclusion, it is not even persuasive authority, nor is any case that relies on D ernes.[38]
In sum, the district' court failed to construe the plain language of § 7811(d) (or even the associated regulation on tolling, 26 C.F.R. § 301.7811-l(e)), and there is no viable support for its conclusion that the statutes and regulations somehow give the IRS discretion to determine whether or not a TAO applicant’s claim is tolled. Congress did not provide the IRS with that discretion under § 7811(d), and the only discretion granted in the regulations is the discretion granted to the Ombudsman to lengthen the period of tolling beyond the date of the decision on the TAO application.
3. The IRS Has Presented No Viable Alternative Interpretation.
On appeal, the IRS raises two primary arguments, neither of which has merit. First, the IRS argues that Congress has directly addressed the question at issue *714 (i.e., whether § 7811(d) tolls the running of the nine-month statute of limitations in § 7426(a)) because neither statute references the other statute, and therefore they cannot affect each other. The IRS does not explain how Congress may “directly address” something by remaining silent on it, but in any event § 7811(d) is not silent. As pointed out above, § 7811(d) tolls “[t]he running of any period of limitation with respect to any action described in” § 7811(b), including wrongful levy actions.
Next, the IRS argues that § 7811(d) cannot toll this wrongful levy action because “the tolling provisions of § 7811(d) do not mention wrongful levy actions under § 7426, and the none [sic] of the four categories of ‘actions’ subject to tolling under § 7811(b)(2) apply to this case.” Again, § 7811(d) provides: “The running of any period of limitation with respect to any action described in subsection (b) shall be suspended.... ” Subsection (b) provides:
(b) Terms of a Taxpayer Assistance Order. — The terms of a Taxpayer Assistance Order may require the Secretary within a specified time period—
(1) to release property of the taxpayer levied upon, or
(2) to cease any action, take any action as permitted by law, or refrain from taking any action, with respect to the taxpayer under [certain other laws].
The IRS seems to argue that § 7811(d)’s use of the phrase “action described in subsection (b)” means that only the parts of subsection (b) that specifically use the word “action” may be tolled. Under the IRS’s reading, that would include only subsection (b)(2), which specifically uses the word “action.” That reading would conveniently exclude subsection (b)(1), which specifically concerns the wrongful levy action at issue here, simply because the word “action” is not used in subsection (b)(1). The IRS’s argument ignores the fact that subsection (d) refers to all of subsection (b), not just subsection (b)(2), and strains credulity beyond the breaking point.
In short, the IRS has failed to offer a reasonable alternative construction of the plain language of § 7811(d), which provides for tolling under the circumstances presented herein.
IV. Conclusion
For the reasons set out above, we first conclude that Rothkamm, as the person who paid a tax assessed against another person, is a “taxpayer” under the Internal Revenue Code’s default definition, and nothing in the TAO statute, § 7811, redefines or is manifestly incompatible with that definition. Next, we conclude that her TAO application tolled the running of the statute of limitations under the plain language of § 7811(d). Accordingly, we REVERSE and REMAND for further proceedings consistent with this proceeding.

. Rothkamm v. United States, No. 3:13-CV-00589-BAJ, 2014 WL 4986884, at *1 (M.D.La. Sept. 15, 2014) (footnote and record citations omitted).

. 26 U.S.C. § 7426(a)(1).

. 26 U.S.C. § 6532(c)(1) (generally concerning "suits by persons other than taxpayers”).

. Rothkamm, 2014 WL 4986884, at *2 (record citations omitted).

. Id. (record citations omitted).

. Id. at *3.

. Davis v. United States, 597 F.3d 646, 649 (5th Cir.2009) (citing St. Tammany Parish ex rel. Davis v. Fed. Emergency Mgmt. Agency, 556 F.3d 307, 315 (5th Cir.2009)).

. F.A.A. v. Cooper, - U.S. -, 132 S.Ct. 1441, 1448, 182 L.Ed.2d 497 (2012) (citing cases).

. Id. (citations omitted).

. Id.

. 26 U.S.C. § 7811(a).

. 467 U.S. at 842-43, 104 S.Ct. 2778 (footnotes omitted).

. Rothkamm, 2014 WL 4986884, at *3.

. 26 U.S.C. § 7701(a)(14).

. 514 U.S. at 529, 115 S.Ct. 1611.

. Id. at 532-33, 115 S.Ct. 1611.

. Id. at 533-34, 115 S.Ct. 1611.

. Id. at 535, 115 S.Ct. 1611 (footnotes omitted).

. Id.

. Id. at 536-38, 115 S.Ct. 1611.

. See Rothkamm, 2014 WL 4986884, at *3. The only other case cited by the district court, Hyler v. C.I.R., 84 T.C.M. (CCH) 717 (T.C. 2002), aff'd, 104 Fed.Appx. 13 (9th Cir.2004), concerned the finer points of procedure under § 7811 by a person against whom a tax was levied and who was subjected to an IRS lien. It said nothing about the definition of "taxpayer” under § 7811 and did not involve someone who paid a tax assessed against another person. Thus, it is not relevant to this case.

. 550 U.S. at 430, 127 S.Ct. 1763.

. 550 U.S. at 431, 127 S.Ct. 1763.

. Id. at 434-35, 127 S.Ct. 1763.

. Id. at 435-36, 127 S.Ct. 1763.

. 26 U.S.C. § 7803(c)(2)(A).

. 26 U.S.C. § 7811(a)(1).

. See 26 C.F.R. § 301.7811-1.

. See 26 C.F.R. § 301.781 l-l(a), Ex. 1 (IRS levies A’s bank account; does not specify whether A is assessed taxpayer or third-party taxpayer); § 301.7811~l(e), Exs. 1, 2 and 3 (do not specify whether person subject to levy is an assessed taxpayer or a third-party taxpayer paying a tax assessed against another).

. Rothkamm, 2014 WL 4986884, at *3.

. 26U.S.C. § 7811(b).

. 26 U.S.C. § 7811(d) (emphasis added).

. 26 U.S.C. § 7811(c).

. 26 C.F.R. § 301.7811-1 (b).

. 26 C.F.R. § 301.7811 — 1 (e)(1) — (3).

. 52 Fed.Cl. at 373.

. Id.

. The district court also relied on Qureshi v. United States, 200 Fed.Appx. 973, 975 (Fed.Cir.2006), which itself cited Demes. Qureshi did not concern the IRS’s supposed discretion to toll the running of the statute of limitations but its "discretion to provide a taxpayer with relief under certain circumstances.” Thus, it is inapposite to the question presented here.